STATE of LOUISIANA *v.* MESHAC ROSS.

The State has the right to appeal, provided it is limited to the class of cases found in the precedent, to-wit: those where the indictment has been quashed before a trial, or held bad upon a demurrer; and where it purports to charge an offence punishable with death or imprisonment at hard labor.

Prosecutions must be by indictment or information; and the State has the right to choose either mode, but cannot prosecute by both at the same time.

After prosecuting under an indictment which has been ignored, the State is not barred, in new proceedings, from selecting indictment or information, as provided by the Constitution.

APPEAL from the Tenth District Court, Parish of Carroll, *Farrar,* J.

*James Nolan,* District Attorney, and *E. Warren Moïse,* Attorney General, for State. *Short & Parham,* and *Jones & Dougherty,* for defendant and appellee.

State
v.
Ross.

Cole, J. The 1st of October, 1858, the Grand Jury of the Parish of Carroll, returned into court ignored, a bill of indictment, which charged the defendant with manslaughter.

The same day, after this action of the grand jury, the District Attorney filed an information, charging the defendant with manslaughter.

The court ordered the information to be spread upon the minutes, and a warrant of arrest to issue.

The following motion to quash the information was then filed by the counsel of the accused :

" And now, on this, the 6th day of October, 1858, comes the said *Meshac Ross*, who is under arrest by virtue of an information by the District Attorney, on behalf of the State, on a supposed charge of manslaughter, and says that this honorable court ought not to have, or maintain any action or jurisdiction on said information, because the said District Attorney, on behalf of the State, at the present term of the court preferred the same charge before the grand jury, who were empanelled and sworn to inquire in and for the body of the said parish by way of indictment, who informed this court by the return thereon, that the said indictment was not found, which action on the part of the attorney for the State and the said grand jury, precludes the District Attorney from filing an information for the same supposed offence. Wherefore, he asks the judgment of this honorable court on said information, and that the same may be quashed, and the accused may be discharged without any further plea on his behalf."

To this motion the District Attorney filed the following demurrer :

" And now comes the District Attorney, who prosecutes in behalf of the State of Louisiana, and says, by reason of anything alleged in defendant's motion, the said State is not precluded from filing said information, and holding said party to answer thereto. Wherefore, the court is asked, whether by reason of the action of the grand jury, as set forth in defendants plea, the State be precluded from proceeding further on said information."

The District Judge sustained the motion of the accused, and ordered the information to be quashed.

It thus appears that the information was quashed for the reasons given in the motion of the accused, after the court had ordered the information to be filed.

And it was not quashed because the District Judge had not consented to have the information filed.

The decision of this cause cannot then depend upon any supposed want of consent on the part of the District Judge to the filing of the information.

After the information was quashed, upon motion of the District Attorney, in open court, an appeal was granted to the State.

The defendant has moved to dismiss the appeal upon this among other grounds, that there is no law authorising the State to prosecute an appeal upon an indictment or information.

Art. 62 of the Constitution of 1852, vests this court with jurisdiction over " all criminal cases on questions of law alone, whenever the offence charged is punishable with death or imprisonment at hard labor, or when a fine exceeding three hundred dollars is actually imposed."

Under the Constitution of 1812, the Supreme Court of this State had no jurisdiction in criminal matters.

The Legislature of 1843 created a Court of Errors and Appeals in criminal matters, with "jurisdiction of all questions of law arising in the progress of any

prosecution for violation of any penal law of the State, where the punishment may be death or imprisonment at hard labor." Sess. Acts 1843, p. 59.

The Court of Errors in the case of the *State* v. *Jones*, held that the State was authorised to appeal from a judgment quashing an indictment. 8 Rob. 575.

The Constitution of 1845, vested the Supreme Court with jurisdiction in " criminal cases on questions of law alone, whenever the punishment of death or hard labor may be inflicted, or when a fine exceeding three hundred dollars is actually imposed."

The only difference between this Article and Article 62, of the Constitution of 1852, is that in the latter the appeal exists, whenever the offense charged is punishable with death or imprisonment at hard labor, whilst in the former, it lies wherever the punishment of death or hard labor may be inflicted.

Under the Constitution of 1845, our predecessors exercised jurisdiction over an appeal by the State from a judgment quashing an indictment. *State* v. *Cheevers.* 7 An. 40.

Under the Constitution of 1852, this court has entertained jurisdiction of appeals by the State from judgments quashing indictments. *State* v. *Hendry,* 10 An. 207. *State* v. *Ellis,* 12 An. 391.

In none of these cases does the question of the right of the State to appeal appear to have been raised, except in the *State* v. *Jones,* tried before the Court of Errors, and in the *State* v. *Ellis,* decided by this court under the Constitution of 1852.

If it had not been the intention of the framers of the Constitution of 1852, to have granted in certain cases to the State the right of appeal, they would have worded differently Article 62, for they knew that appeals by the State had been sustained by the Court of Errors under the Act of 1843, and by the Supreme Court under the Constitution of 1845. Instead of this, however, they construe this Article, which vests this court with jurisdiction in criminal matters, to express almost identically the same idea, as the corresponding Articles in the Act of 1843, and Constitution of 1845, except that in the Act of 1843, there was no appeal in the case where the punishment was fine alone.

It is true, it is a recognised principle of the common law, that no person shall be twice put in jeopardy of life or limb for the same offence. This principle is also adopted in the Constitution of the United States, and governs offences against the United States. Amendment to Constitution United States, Art. 5.

An accused has not, however, been put in jeopardy of life or limb, when he has not even been tried before a jury, but when the indictment or information has been quashed before his case has been submitted to the jury.

It has been objected that the State cannot appeal from the decisions of its own courts. There does not appear to be any reason why the State should not be entitled, as a private individual, to an appeal from one of her inferior courts to a superior tribunal.

We concur with the opinion expressed by this court, in the *State* v. *Ellis,* that there is no objection to the right of the State to appeal, " provided it is limited to the class of cases found in the precedents, to-wit : those where the indictment has been quashed before a trial, or held bad upon a demurrer, and where it purports to charge an offence punishable with death or imprisonment at hard labor."

It is objected that the Legislature have not provided a mode of prosecuting an appeal on the part of the State from judgments of the inferior courts in criminal matters. This court cannot, however, be divested of jurisdiction by this Legisla-

STATE
v.
ROSS.

tive omission. If it could, then it might also be deprived of its jurisdiction in civil cases, by the neglect of the Legislature to direct the manner of appeal in civil affairs. Suitors would thus lose a constitutional privilege.

The conclusion would be different, if this Article had ordained that the appeal should be taken in a mode to be provided by the Legislature, for then the Article would not have conferred the full right of appeal until the Legislature had acted and provided the manner of appeal. The motion to dismiss the appeal must therefore be overruled. Upon the merits, the action of the District Court in quashing the information has been assigned by the District Attorney in this court, as error.

The material question is, whether the District Attorney, at the same term of court, and on the same day that the grand jury had ignored the indictment, could file the information, after this action of the grand jury. Art. 103, of the Constitution of 1852, provides, that "prosecutions shall be by indictment or information."

The State can select either mode, but cannot prosecute by both at the same time.

After, however, it has prosecuted by indictment, and the grand jury not being satisfied by sufficient evidence, or for other causes, have not found a true bill against the accused, it is the same as if the matter had never been before a grand jury, and the District Attorney, in commencing new proceedings, has the right to select indictment or information, as provided by Art. 103.

As there can be no doubt that the District Attorney could thus prosecute the accused at the next term of the court, we can see no reason why he should not be permitted to do so at the same term that the grand jury have ignored the bill, if he fears that the crime would be prescribed before the next term of court, or for other good reasons.

It is, therefore, ordered, adjudged and decreed, that the order of the District Court, quashing the information be set aside, that the information be restored to its full force on the records of said court, and that the prosecution under the information be allowed to be proceeded with, and that this cause be remanded to the lower court for further proceedings according to law, and that the costs of this appeal be paid by appellee, and the costs of the lower court abide the final decision of the prosecution.

MERRICK, C. J., dissenting. The District Attorney cannot file an information as a matter of right. It must be filed *with the consent of the court first obtained*.

It was, in my opinion, within the discretion of the District Court to give such consent even at the same term at which the grand jury had "ignored" an indictment for the same offence. But then, the court might have required some showing before it gave the consent, and in the absence thereof, it might have refused.' If the information were improvidently filed, it might order the filing to be erased and the previous order rescinded. I see nothing in this case, which shows an erroneous exercise of the discretion vested in the District Judge.

Had the information been accompanied with affidavits, it might have presented a different case.

I think the judgment of the District Court ought to remain undisturbed.

LAND, J., also dissenting. The District Attorney preferred to the Grand Jury, of the Parish of Carroll, a bill of indictment, charging the defendant with the crime of manslaughter.

After hearing the evidence, they returned the bill into court with this endorse-

ment upon it, "*bill not found*," signed, *T. M. Tucker*, foreman of the Grand Jury.

On the same day, the 1st of October, 1858, the District Attorney presented to the court an *information* against the defendant for the same crime charged in the bill of indictment, which was filed, and ordered to be entered on the minutes, and which afterwards was quashed on the motion of defendant, and the State appealed.

This case, therefore, comes before us without either an indictment or information against the defendant, and his counsel has filed a motion to dismiss the appeal for the want of jurisdiction in this court.

Prosecutions can only be carried on by indictment or information. There can be no prosecution by indictment without the finding of a grand jury. There can be no prosecution by information without the consent of the court first obtained. Acts of 1855, sec. 1, p. 151.

In this case the grand jury refused to find a bill, and the court refused its consent to a prosecution by information after hearing the parties.

Whether the party charged, should be put upon his trial either by indictment or information, is a question *necessarily involving the consideration of facts, of which this court has no appellate jurisdiction.*

No appeal lies from the refusal of a grand jury to find a bill upon the evidence before them. Nor will an appeal lie from the refusal of a District Judge to give his consent to a prosecution by information.

The judgment quashing the information, is proof conclusive, that the filing was only *pro forma*, and was not preceded by the consent of the court, to a prosecution in that form,—but that the Judge withheld his consent until the defendant could be heard, and *then refused it.*

This court is, therefore, without jurisdiction of the case, in my opinion.