(80 South. 657)

No. 23325.

STATE v. BRADLEY.

(Jan. 6, 1919. Rehearing Denied Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW  ⊚⟿1092(13)—BILL OF EXCEPTIONS—DISMISSAL OF APPEAL.

The state's appeal from a judgment quashing an indictment would not be dismissed on ground that while a bill of exceptions was reserved to the court's ruling no formal bill was signed, where the only ruling complained of by state was the final judgment itself from which the appeal was taken, and where the error, if any, appears on face of record.

2. CRIMINAL LAW  ⊚⟿1079 — APPEAL — RETURN DAY—ERROR.

Where the error in fixing of return day of an appeal by the state from a judgment quashing an indictment was due to a mistake of court, the state should not suffer a dismissal of the appeal.

3. FALSE PRETENSES  ⊚⟿30—SUFFICIENCY OF INDICTMENT.

In an indictment for obtaining property or money by false pretenses, it is not sufficient to specify the pretense alleged to have been made, and to charge that it was false to the knowledge of accused.

4. FALSE PRETENSES  ⊚⟿30 — FALSITY OF PRETENSE.

An indictment, alleging false pretense by accused that he had money in a certain box which was left in another's possession upon the faith of which pretense accused obtained money, then knowing that his pretense was false, but not alleging in what particular it was false, was insufficient, in view of Const. art. 10, requiring an accused to be informed of the nature and cause of the accusation.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman and James Andrews, Judges.

Ezekiel Bradley was indicted for obtaining money by false pretenses, and from a judgment quashing the indictment the State appeals. Affirmed.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (Thomas W. Robertson, of New Orleans, of counsel), for the State.

John R. Hunter, of Alexandria, for appellee.

O'NIELL, J. The state prosecutes this appeal from a judgment quashing an indictment for obtaining money by false pretenses.

[1, 2] The defendant filed a motion to dismiss the appeal for the reasons: First, that, although a bill of exceptions was reserved to the court's ruling, no formal bill was signed; and, second, that the appeal was made returnable in less than 15 days from the date of the judgment.

The motion to dismiss is not insisted upon by the appellee, and we think it is without merit. The only ruling complained of by appellant is the final judgment itself, from which the appeal was taken; and the error, if there be one, appears on the face of the record. The error in the fixing of the return day of the appeal was a mistake of the court, for which an appellant should not suffer dismissal of the appeal. See Alexandria & Western Railway v. Railroad Commission, 143 La. 1067, 79 South. 863.

[3, 4] The indictment was quashed because it did not specify in what particular the alleged false pretense or representation was untrue. The charge was that—

The accused "did willfully, maliciously and feloniously, by false pretenses and fraudulent

representation, to wit, by falsely pretending that he had money in one certain box which was left in the possession of Mary E. Shelton, did falsely, feloniously, and upon the faith of said false representations, obtain one hundred and sixty ($160.00) dollars from Mary E. Shelton, knowing at the time he made said representations that the same were false, and making said representations with the felonious intent to defraud and injure the said Mary E. Shelton out of the said one hundred and sixty ($160.00) dollars."

The indictment shows plainly what the alleged false pretense or representation was, viz.:

"That he (the party accused) had money in one certain box which was left in the possession of Mary E. Shelton."

And it charges that the party accused knew, when he made the representation, that it was false. But the bill of indictment does not say in what particular the representation was false.

As technical as it may seem, the law-writers agree that, in an indictment for obtaining property or money by false pretenses, it is not sufficient to specify the pretense alleged to have been made and charge that it was false to the knowledge of the party accused. It is necessary to point out in what particular the pretense was not true, so that— quoting article 10 of the Constitution of this state—"the accused shall be informed of the nature and cause of the accusation against him." See 19 Cyc. 427 and 428, and the rulings there cited. The reason for the rule is obvious. The accused has a right to know, before pleading to an indictment, precisely what issue he has to meet. And the court itself must be informed so as to judge whether the alleged falsehood was a material one or a mere inaccuracy. It is not every inaccuracy that can be legally considered a falsehood. In this case, for example, where

the accusation is that the defendant fraudulently and feloniously obtained $160 from Mary E. Shelton "by falsely pretending that he had money in one certain box which was left in the possession of Mary E. Shelton," the state might intend to prove, for all we know, that the falsehood consisted in there being less money than the accused pretended there was in the box. In that event, the defense might be that an honest mistake was made in counting the money. There are many particulars in which the alleged representations might have been false. The money might have been left in the possession of Mary E. Shelton, in some other container than the "one certain box" referred to; or the box might not have been left in the possession of Mary E. Shelton. In either case, the court or jury might find that, although the pretense was false in a sense, no crime was committed.

We have no precedent in our jurisprudence for a ruling in this case, unless it be the decision in State v. Seipel, 104 La. 67, 28 South. 880, where, in sustaining an indictment for obtaining money on the false pretense that there was a deposit in bank to pay a check on which the accused obtained the money, the court laid stress upon the specific allegation "that the accused had no money deposited or to his credit in bank."

As much as we dislike to affirm a ruling in which it might seem that a technicality is hiding the truth, we have to take the law as we find it, and have due respect for all of the safeguards which the law gives to the defendant in a prosecution for crime.

The judgment is affirmed.

DAWKINS, J., takes no part.

NOTE.—A rehearing was applied for in this cause, but was withdrawn by the state.