BRUNOT, J.
 

 This is an appeal by the state. There are two bills of exception in the record. One was reserved to the overruling of a demurrer, filed by the district attorney, and the other to the maintaining of a motion to quash, filed by the appellees.
 

 Dr. H. R. Officer, Ben Singleton, and Wilmer Atkinson, appellees, were charged, jointly, together with three other persons, in two separate counts of an information filed by the district attorney, with violating sections 2 and 4 of Act No. 211 of 1928. The information was filed on May 14, 1932, and the offenses with which appellees are charged are alleged to have been committed on or about the 18th day of April, 1930.
 

 Appellees moved to quash the' information upon the ground that the prosecution of the
 
 *451
 
 offenses charged therein is barred by the prescription of one year, for the reason that the facts upon which the prosecutions are based were known to the district attorney more than one year prior to the filing of the information. To this motion the district attorney pleaded a demurrer, basing the plea upon the imprescriptibility of the crime of arson. The demurrer was taken up, argued, and submitted and overruled, and bill No. 1 was reserved to the ruling. The motion to quash was then tried on the merits and submitted on briefs to be filed. Several days thereafter the court maintained the motion and dismissed the prosecution, as to the three appellees. Bill No.
 
 2
 
 was reserved to this ruling.
 

 The case presents two questions, viz.: Whether or not the prosecution of the offense charged in the information is prescriptible, and, if so, whether or not the district attorney had knowledge of the facts on which the prosecution of the appellees is based more than one year prior to the filing of the information. There is no other issue. Therefore, the right of the state to raise an unmixed question of law in a criminal case
 
 T>y demurrer
 
 need not be considered.
 

 The only imprescriptible crimes in Louisiana are murder, arson, rape, robbery, forgery, and counterfeiting. Article 8, Code Or. Proc. Section 1 of Act No. 211 of 1928 defines the crime of “arson.” Sections 2, 3, 4, 5, and 6 relate to the burnings of property other than habitations and appurtenant buildings, and section 7 repeals all laws or parts of laws in conflict or inconsistent with the provisions of the act. The title and sections 1, 2, and 4 of Act No..211 of 1928 are as follows:.
 

 “An Act relative to the crimes of burning or attempting to burn certain property, defining said crimes and offenses, prescribing what facts shall constitute an attempt to burn such property, providing penalties for the same and repealing all laws or parts of laws in conflict therewith.
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That any person who wilfully or maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other out-house that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson, and upon conviction thereof, be imprisoned at hard labor for not less than two nor more than twenty years. ■
 

 “Section 2. That any person who wilfully or maliciously sets lire to or burns or causes to be burned or who aids, counsels or procures the burning of any barn, stable, garage or other building, whether the property of himself or of another, not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building, whether the property of himself or of another; or any church, meeting house, court house, work house, school, jail or other public building or any public bridge, shall upon conviction thereof be imprisoned at hard labor for not less than one nor more than ten years.”
 

 “Section 4. That any person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or cause's to be burned or who aids, counsels or procures the burning of any goods, wares, merchandise or other chattels or personal property of any
 
 *453
 
 kind, whether the property of himself or of another, which shall at the time be insured by any person or corporation against loss or damage by fire; shall upon conviction thereof, be imprisoned at hard labor for not less than one nor more than five years.”
 

 “Arson” is defined in the common law as the burning of a dwelling house, including all outhouses which are parcel thereof or other structures appurtenant thereto or within the curtilage thereof. As long as the Crimes Act of 1805 endured the common-law definition of arson was the law of this state. Thereafter our Legislature departed from that definition. First, in Act No. 120 of 1855. Thereafter, until the passage of Act No. 211 of 192S, arson in this state was a generic term in the sense that it embraced many crimes of burning.' We are of the opinion that it was the legislative intent to correct this situation and to define arson in line with the common-law definition, as a crime against the burning of habitations rather than the burning of all kinds of property. Section 1 of Act No. 211 of 192S relates only to dwelling houses and houses within the curtilage thereof, or appurtenant thereto, and it specifically declares that any person who willfully and maliciously sets fire to or burns, etc., such building or buildings “shall be guilty of arson.” All other sections of the act relate to the burning of property other than" habitations and their appurtenant buildings. Those sections merely denounce the burning of the several kinds of property described therein as crimes and prescribe penalties for each of said specific offenses. We are, therefore, of the opinion that the prosecution of the crimes charged in the information filed in this case are prescriptible. Article 8, Code Or. Proc. is, in part, as follows:
 

 “No person shall be prosecuted, tried or punished for any offense, murder, arson, rape, robbery, forgery and counterfeiting excepted; unless the indictment, presentment or information for the same be found, exhibited or filed * * * within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction.”
 

 Whether or not the district attorney had knowledge of the facts upon which the prosecutions in this case are based more than one year prior to the filing of the information presents only a question of fact.
 

 It is admitted by the state that the trial judge, in his written reasons for judgment, has correctly epitomized the testimony taken on the trial of the motion to quash the information. The judge sums up the testimony as follows:
 

 “The Sheriff having heard persistent rumors that certain persons were attempting to blackmail Dr. Officer by threatening to charge him with having procured them to commit arson, reported to the District Attorney and asked his advice as to the procedure. 'On December 15, 1930, that official called on Dr. Officer, who verified the rumors, stating that one of the parties was his own brother-in-law and that he did not want to prosecute him. 1-Ie suggested that the District Attorney confer with his attorney, Mr. Kay. On the same afternoon this was done; and Mr. Kay gave him detailed information of three affidavits which he had seen and read in the office of attorneys said to represent one Cope
 
 *455
 
 land, the owner of certain mortgaged property which had been destroyed by fire. Two of these affidavits were signed by Singleton and Atkinson, and one by Howell. The first two deposed that Dr. Officer, mortgagee of the property, had procured them to burn it, and that they in turn had procured Howell; and he on his part deposed that he had actually set fire to the property. The District Attorney had previous knowledge of the destruction of the property, which was located near and within view of the Parish court house. On the witness stand, he testified that his mind was fixed on the blackmail charge; that he knew Dr. Officer and his accusers; that the Doctor bore an excellent reputation, and that the others all had criminal records, were unworthy of belief, and that it did not occur to him to give any credence to their sworn statements, or to make further investigation as to their truth. He found probable cause for prosecution of accused and accusers only after investigation had been made by the State Eire Marshal, and reported to the District Attorney’s office.”
 

 The district attorney admits that he had knowledge of the burning and of the detailed information contained in the affidavits of Singleton, Atkinson, and Howell more than two years before the information was filed, but says that he gave no credence to the sworn statements of said affiants, and, for that reason, he made no investigation to ascertain their truth or falsity, or to prosecute the appellees for the offenses charged in the information until the state fire marshal’s investigation justified the prosecution.
 

 The trial judge says:
 

 “The acts now charged were fully set out in the affidavits of which the District Attorney had knowledge. They stated that mortgaged property had been burned feloniously by the affiants or by their procurement, through the original procurement of the mortgagee.” .
 

 The prescription, prescribed by article 8, Code Or. Proe., begins to run from the date knowledge of the crime is made known to the judge, district attorney, or grand jury having jurisdiction, and it is not affected by the nonacticin of the official or official body authorized to prosecute, no matter what the official’s reason may be for his or their non-action.
 

 . For the reasons assigned the judgment appealed from is affirmed.