**36 So.2d 695**

**STATE v. LECOMPTE.**

**No. 38319.**

Nov. 10, 1947.

On Rehearing June 15, 1948.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Sp. Asst. Atty. Gen., John E. Fleury, Dist. Atty., of Gretna, and John D. Schilleci, of New Orleans, for appellant.

Wm. J. White, of Gretna, for appellee.

HOLCOMBE, Justice ad hoc.

The accused, Emile Lecompte, was indicted by the Grand Jury of the Parish of Jefferson on November 17, 1942, for the crime of manslaughter. He was arraigned November 18, 1942. Thereafter, on motion of the State the trial of the case was continued several times for the reason that material witnesses were in the Armed Forces.

On May 28, 1946, the accused, through counsel, filed a motion wherein it was alleged that more than three years had elapsed since the date of the filing of the aforesaid indictment, during which time the accused had not been tried, and that under the provisions of Act 147 of 1942 it was the duty of the District Attorney to enter a nolle prosequi, but that the District Attorney had failed or neglected to do so, and that the court should order a nolle prosequi entered in the case.

The judge of the lower court thereupon ·ordered that the District Attorney show cause on Friday, May 31, 1946, why the court should not order that a nolle prosequi be entered, the same as if entered by the District Attorney.

The record fails to disclose that any answer was filed to the rule to show cause. However, a hearing was had on the said rule and the court maintained defendant's motion and ordered a nolle prosequi entered. From this ruling counsel for the State did not reserve a bill of exceptions. On May 31, 1946, the State was granted an order of suspensive appeal from said judgment to this Court.

There are only two questions presented for decision: Firstly, was it necessary for the State to object to the ruling of the lower court and to reserve a bill of exceptions to such ruling in order for this Court to consider the evidence taken on the trial of the rule to show cause; secondly, was the judgment of the court ordering the entry of a nolle prosequi correct?

Article 540 of the Code of Criminal Procedure provides in part that: "* * * The prosecution and the defense have each the right in an appealable case to appeal from the final prejudicial judgment."

Article 541 of the Code of Criminal Procedure reads as follows: "A case is finally disposed of by any judgment which dismiss-

es the prosecution, whether before or after verdict, that grants or refuses to grant a new trial, that arrests or refuses to arrest judgment, or that imposes sentence."

In the case of State v. Shushan, 204 La. 672, 16 So.2d 227, it was held that: "A judgment in prosecution for bribery ordering a nolle prosequi entered over the protest of the prosecuting attorney, and ordering defendant discharged, is a 'final judgment' from which the state has the right to appeal."

Again, in the Shushan case this Court had this to say: "The right of the State to appeal from a judgment maintaining a plea of prescription against the prosecution for a felony is well recognized in the decisions of this court."

It must therefore, be conceded that the judgment of the District Court ordering the entry of a nolle prosequi and sustaining the plea of prescription was *a final judgment and it must also be conceded that from this judgment the State had the right to appeal.* See Article 540 of the Code of Criminal Procedure; State v. Cobbs, 7 La.Ann. 107; State v. Precovara, 49 La.Ann. 593, 21 So. 724; State v. Hayes, 162 La. 917, 111 So. 327; State v. Brossette, 163 La. 1035, 113 So. 366; State v. Fradella, 164 La. 752, 114 So. 641; State v. Cooley, 176 La. 448, 146 So. 19; State v. Perkins, 181 La. 997, 160 So. 789; State v. Smith, 200 La. 10, 7 So.2d 368; State v. LeBleu, 203 La. 337, 14 So.2d 17.

We do not understand that learned counsel for the accused denies that the judgment here rendered is final or that the State had the right to appeal. His contention is that this Court can not, in the absence of a bill of exceptions reserved by the State to the ruling of the trial judge ordering the entry of a nolle prosequi, *consider the evidence offered to sustain plaintiff's motion.* In support of his position, learned counsel relies upon the decision of this Court in the case of State v. LeBleu, 203 La. 337, 14 So. 2d 17. In that case this Court did as urged by learned counsel for defendant, in effect, hold that *regardless of who is the appellant, the State or the accused,* evidence adduced in a criminal case can be brought before this Court and can be considered by this Court only by incorporating the same in a bill of exceptions.

In that connection the Court said: "It is well established in the jurisprudence of this state that evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it is annexed to and made a part of the bill that has been timely reserved. * * *" Citing State v. White, 37 La.Ann. 172; State v. Richard, 42 La. Ann. 83, 6 So. 897; State v. Johnson, et al., 104 La. 417, 29 So. 24, 81 Am.St.Rep. 139; State v. Carr, 111 La. 716, 35 So. 839; State v. Simmons, 118 La. 22, 42 So. 582; State v. Aenspacker, 130 La. 717, 58 So.

520; State v. Stewart, 188 La. 546, 177 So. 662.

For the reasons hereinafter pointed out, the majority of this Court is of the opinion that the ruling of the Court in the Le Bleu case was erroneous and that it should be overruled.

Article 498 of the Code of Criminal Procedure reads as follows: "The bill of exceptions is grounded on the objection made to the ruling of the court on some purely *incidental question* arising during the progress of the cause; and involves the correctness of the conclusions drawn by the court from the facts recited in the bill."

Most assuredly, a ruling of the trial court ordering the entry of a nollé prosequi in a criminal case, which dismisses the prosecution and ends the case is not a ruling on "some purely incidental question arising during the progress of the cause". On the other hand, if instead of sustaining the plea of prescription and dismissing the prosecution the trial court overrules the plea, such ruling is purely incidental, from which no appeal by the accused lies for the simple reason that such ruling is not a final prejudicial judgment. The remedy of the accused in such circumstances would, of course, be to reserve a bill of exceptions to the ruling of the court which could be reviewed by this Court only *on appeal and after verdict*. This was the jurisprudence of this Court long before the enactment of the Code of Criminal Procedure.

As stated in Marr's Criminal Jurisprudence of Louisiana, 2d Ed., Vol. 2: "An appeal in criminal cases does not lie from an order or judgment overruling the plea, a motion or other interlocutory matter which does not finally dispose of the case, but lies only from the sentence or final judgment, at which time are brought up for review alleged errors made by the lower court in the progress of the case."

See also State v. Jackson, 140 La. 680, 73 So. 770.

A careful reading of the several articles of the Code of Criminal Procedure, particularly Article 500 thereof, leads to the conclusion that neither the authors of the Code of Criminal Procedure nor the Legislature which adopted it, contemplated that the State should reserve bills of exceptions in criminal cases, for the obvious reason that to do so would serve no useful purpose.

In the case of State v. Sherman, 144 La. 76, 80 So. 205, it was said: "The right of the state to appeal from a final judgment in favor of the accused has, from our earliest jurisprudence, been recognized and sanctioned by the Constitution *only where a motion to quash the indictment or a motion in arrest of judgment has been sustained."* (Italics ours.)

Since the rendition of that decision the Code of Criminal Procedure was adopted; and as heretofore pointed out, it was provided that the prosecution and the defense

have each the right in an appealable case, *to appeal from any final prejudicial judgment.*

As properly stated in the Sherman case, supra, the State has no appeal from a verdict of acquittal in a criminal case. See Article 7, Sec. 10, Constitution of 1921. This being true, what benefit would the State derive from the reservation of a bill of exceptions during the trial of the case? If the trial results in an acquittal, the State, having no right of appeal, the correctness or incorrectness of interlocutory rulings of the trial judge could not be reviewed by this Court. If on the other hand, *the accused is convicted and the State wins its case,* what benefit could the State derive from objections made by it to the rulings of the court and bills of exceptions reserved thereto?

Article 500 of the Code of Criminal Procedure provides in part that: "The bill of exceptions must show the circumstances under which and the evidence upon which the ruling complained of is based."

However, continuing, that article provides that: " * * * And *the accused* is without right to have taken down any evidence except that which is necessary as a basis for his bill; he cannot require that any evidence be taken down that appertains to guilt or innocence." (Italics ours.)

The reference here is to *the accused.*

There is not a single article in the Code of Criminal Procedure expressly or by im-

plication providing that in those instances where the State is permitted to appeal from a final prejudicial judgment, it is necessary for the State to reserve a bill of exceptions to the ruling of the court or that the evidence upon which the ruling complained of is based should be attached thereto.

The author of this opinion and the majority of this Court concede that when the State appeals from a ruling which is based upon evidence, as in this case, the record must contain "the evidence upon which the ruling complained of is based", just as the bill of exceptions reserved by defendant must, as provided in Article 500 of the Code of Criminal Procedure, "show the circumstances under which and the evidence upon which the ruling complained of is based".

It is not necessary, however, that the State should reserve a bill of exceptions to a judgment finally dismissing a prosecution for the purpose merely of incorporating therein "the evidence upon which the ruling complained of is based". It suffices if the evidence has been taken down and forms a part of the transcript of appeal, as in this case.

We hold, therefore, that it was not necessary in this case for the State to except to the ruling of the trial court ordering the entry of a nolle prosequi and to reserve a bill of exceptions to such ruling in order for this Court to consider the evidence upon which such ruling was based. On the contrary, we are of the opinion that the evidence is properly before the Court. .

We come now to a consideration of the plea of prescription and the evidence offered in support thereof.

Article 8 of the Code of Criminal Procedure, as amended by Act 147 of 1942, provides in part as follows: "In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapsed from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered the same as if entered by the district attorney."

The accused in this case alleges that more than three years had elapsed from the date of the finding of the indictment against him and moved the court to order the entry of a nolle prosequi.

The State was ordered to show cause why this should not be done. The transcript fails to disclose that any answer to the rule to show cause was filed. However, the rule came on for trial and the evidence was adduced, whereupon, the trial judge sustained the motion and ordered the entry of a nolle prosequi.

The State contends that the trial judge erred in so ruling for the reason that the evidence taken on the trial of the rule shows that subsequent to the finding of the

indictment, the prescription provided for in Article 8 of the Code of Criminal Procedure was interrupted by the absence of the defendant from the jurisdiction of the Twenty-fourth Judicial District Court *without the written consent of the Court first obtained and entered upon the minutes or filed in the record of the cause.*

Article 9 of the Code of Criminal Procedure reads as follows: "Whenever it shall have been established to the satisfaction of any court in which any criminal prosecution shall be pending that the prescriptive periods as herein provided have elapsed since the last date upon which any steps shall have been taken by the state in such prosecution, and that the district attorney has not entered his nolle prosequi, the court shall order the dismissal of said prosecution, and the same shall not thereafter be revived; provided, *that the prescription established in Art. 8 hereof shall be interrupted by the absence of the defendant from the jurisdiction of said court without the written consent of the court, first obtained and entered upon the minutes, or filed in the record of the cause; provided, further, that the burden of proving the accruing of the prescription herein established shall in all cases rest upon the person alleging the same.*"

The evidence taken on the hearing of the rule shows beyond any doubt that during the three year period succeeding the filing of the indictment in this case, the accused did *without the written consent of*

*the court first obtained, absent himself from the jurisdiction of the 24th Judicial District Court.*

From the evidence it appears that the accused worked on a towboat, and as a part of his duties thereon it was necessary for him to go outside of the State, and that he did go to Baytown, Texas, to Galveston, Texas, to Houston, Texas, and to Florida.

Learned counsel for defendant urges that the absence of the defendant referred to in Article 9 of the Code of Criminal Procedure contemplates such an absence which would be material and bear some relation to the fact that the defendant has not been brought to trial. In his brief he says: "For the prescription to be interrupted, the defendant must have absconded, or been a fugitive from justice, or have escaped trial through dilatory pleas, or continuances obtained by him or in his behalf, or in some other way have been the cause of his case not being brought to trial. Certainly the absence must be of a permanent and substantial nature and such as to prejudice the case of the State."

We can not agree with this contention. There is nothing contained in the proviso of Article 9 supporting this contention.

The language of Article 9 is very clear. If the provision requiring an accused, in order to prevent the interruption of prescription, to obtain the written consent of the trial judge before leaving the jurisdiction of the court, is too drastic or unreasonable and works any hardship upon an accused person released on bond pending trial, the amendment or qualification of the law should be made by the Legislature and not by the Court, it being the duty of the Court to interpret the provision *as written, and not as it should probably have been written.* It will be conceded that as the article now stands, prescription is interrupted if the accused goes from one parish to another, because to do so, would be to go *beyond the jurisdiction of the court.* This, however, affords no reason for this Court to change the language of the article or to say that it does not mean exactly what it says.

Unquestionably, if Article 9 of the Code of Criminal Procedure is to be applied in this case, and there is no reason why it should not be, the prescription of three years was interrupted by the absence of the accused from the State without the written consent of the court. This interrupted the running of prescription. The trial judge was therefore in error in holding to the contrary.

For the reasons assigned, the judgment of the lower court ordering that a nolle prosequi be entered in this cause and further ordering that the case be dismissed and that the accused be discharged is annulled, avoided, and reversed; and it is further ordered that this case be reinstated on the criminal docket of the 24th Judi-

cial District Court, there to be proceeded with according to law.

FOURNET, J., dissents and assigns written reasons therefor.

PONDER, J., dissents.

HAMITER, J., dissents for the reasons given by him in State v. LeBleu and also for the reasons assigned by Justice Fournet in his dissenting opinion herein.

FOURNET, Justice (dissenting).

The accused, Emile Lecompte, who was charged by an indictment returned against him on November 17, 1942, with the crime of manslaughter, on May 28, 1946, more than three years later, ruled the state to show cause why the indictment should not be nol. prossed under the provisions of Article 8 of the Code of Criminal Procedure requiring the district attorney to enter a nolle prosequi in such cases, and, upon his failure or neglect to do so, allowing the court, unless during the interim the accused absconded, was a fugitive from justice or escaped trial because of dilatory pleas or other pleadings filed on his behalf, to enter such a nolle prosequi upon the motion of the accused. The state is now appealing from the ruling of the trial judge ordering such nolle prosequi and is asking that we review the evidence upon which the judge's ruling was based although the state failed to reserve a bill of exceptions to such ruling in- corporating therein the evidence we are requested to review.

It is the well established jurisprudence of this court that *"The only known way by which evidence can be brought before the Supreme Court is by annexing and making same a part of a bill of exceptions, timely reserved."* State v. Stewart, 188 La. 546, 177 So. 662. See, also, State v. Carr, 111 La. 716, 35 So. 839; State v. LeBleu, 203 La. 337, 14 So.2d 17, and the authorities therein cited; and II Marr's Criminal Jurisprudence 1124, Sections 727, 728, etc. Testimony or documents not a part of a bill of exceptions, although included in the record, are in the same situation "as if the evidence had not been incorporated in the transcript," and cannot be considered on appeal. State v. Simmons, 118 La. 22, 42 So. 582. See, also, State v. Nelson, 32 La.Ann. 842; State v. White, 37 La.Ann. 172; State v. Richard, 42 La.Ann. 83, 6 So. 897; State v. Johnson, 104 La. 417, 29 So. 24, 81 Am. St.Rep. 139; and State v. James, 106 La. 462, 31 So. 44. (The italics are mine.)

The function of the bill of exceptions is to incorporate into the record that which would otherwise form no part thereof and it is Hornbook law that without the reservation of a bill of exceptions only errors patent on the face of the record can be considered on appeal. The bill of exceptions is the vehicle by which those errors not patent on the face of the record are made a part thereof. State v. Fant, 2 La. Ann. 837; State v. Richard, supra; State

v. Pitre, 106 La. 606, 31 So. 133; State v. Bradley, 144 La. 459, 80 So. 657; and State v. Braxton, 157 La. 733, 103 So. 24.

In the majority opinion it is conceded that "when the State appeals from a ruling which is based upon evidence, as in this case, *the record must contain 'the evidence upon which · the ruling complained of is based,' just as the bill of exceptions reserved by the defendant must,* as provided in Article 500 of the Code of Criminal Procedure," but it is held that the state is not required to reserve a bill of exceptions in order to have such evidence brought up with the record and reviewed by this court on appeal. As the basis for this conclusion it is declared: "There is not a single article in the Code of Criminal Procedure expressly or by implication providing that in those instances where the State is permitted to appeal from a final prejudicial judgment, it is necessary for the State to reserve a bill of exceptions to the ruling of the court or that the evidence upon which the ruling complained of is based should be attached thereto." As otherwise stated in the opinion, "A careful reading of the several articles of the Code of Criminal Procedure, particularly Article 500 thereof, leads to the conclusion that neither the authors of the Code of Criminal Procedure nor the Legislature which adopted it, contemplated that the State should reserve bills of exceptions in criminal · cases, for the obvious reason that to do so would serve no useful purpose." (The italics are mine.)

In answering this same argument in the recent case of State v. LeBleu, 203 La. 337, 14 So.2d 17, decided by us on April 12, 1943, where the identical issues here presented for decision were decided adversely to the contention of the state, we recognized that under the established jurisprudence of this state *"evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions"* and that "It cannot be considered, even though in the transcript, unless it is annexed to and made a part of the bill that has been timely reserved," and, also observing that while the appeals had been taken by the defendant and not by the state in the cases establishing this jurisprudence, we held that *"we know of no good reason why the stated requirements should not be equally applicable to the state when appealing."* The reason given therefor was very simple: "The .rule merely states the manner by which an appellant, in order to obtain a review of an adverse conclusion drawn from facts, shall present the pertinent evidence to the appellate court; and the matter of whether or not the complainant is the accused or the state, it seems to us, should be and is of no moment." (Italics mine.)

In my humble opinion the ruling in the LeBleu case is not only in accordance with the universally accepted rules of law and jurisprudence, but is based on irrefutable logic and sound deductions.

So far as I have been able to observe, the question of whether the state was re-

quired to reserve a bill of exceptions was first raised in the case of State v. Hincy, 130 La. 620, 58 So. 411, where the contention was made that because the state had not reserved a bill of exceptions to the ruling of the trial judge sustaining a motion to quash the indictment, this court was without authority to review the lower court's ruling in this respect. In disposing of this issue the court held it could review errors patent on the face of the record without the reservation of a bill of exceptions, observing: *"While it is true that a bill of exceptions is necessary, in order to bring up evidence needful to a decision of the point raised, it is otherwise if the issue is one of law exclusively."* The court could very easily have held, if it had thought the same to be correct, that the state did not have to reserve a bill of exceptions but, instead, it followed the universally accepted rule of practice and jurisprudence that this court on appeal is without authority to review or consider errors not patent on the face of the record unless properly incorporated in or made a part of the record through the medium of the bill of exceptions. (The italics are mine.)

The obvious fallacy in the reasoning of the majority opinion lies in the fact that it has been deduced from the premise that because the Code of Criminal Procedure expressly and specifically requires an accused to reserve bills, the legislature, by implication, intended to make it unnecessary for the state to do so by failing to make

similar provisions with respect to the state.

In reaching this conclusion the author of the majority opinion overlooked the fact that the function of the bill of exceptions is to bring before the court that which is not otherwise made a part of the record and which could not therefore be reviewed on appeal since the only matters that can be reviewed on appeal without the reservation of a bill of exceptions are those patent on the face of the record, and the further fact that the lawmakers by failing to outline in the Code of Criminal Procedure the procedure to be followed by the state when appealing left the state, whether inadvertently or designedly, in the same status it occupied prior to the adoption of the act incorporating the Code of Criminal Procedure into our statutes, that is, amenable and subject to the rules and procedure established at common law, under which system of law the state had no such advantage or privilege.

"Under the common law as generally understood and administered in the United States, the state has no right to a writ of error, to an appeal, or to exceptions in a criminal case unless it is expressly conferred by statute * * * *but the authority thus conferred on the state cannot be enlarged by construction of the statute."* 17 C.J. 39, Section 3310. (Italics mine.)

In a footnote to this section is to be found the following comment: "In Louisiana (1)

the right of the state to appeal in a criminal case, where, before trial, the indictment is quashed or held bad on demurrer, and also where a motion in arrest of judgment has been sustained, is generally recognized. State v. Labry, 120 La. 434, 45 So. 382. (2) This right is not based upon express statutory provision but depends upon a constitutional provision (Const.(1852) art. 62) which merely provides that the supreme court shall have 'jurisdiction over "all criminal cases on questions of law alone"' without specifically conferring such right upon the state. State v. Ross, 14 La.Ann. 364." See, also, 24 C.J.S., Criminal Law, § 1659.

This law is now incorporated in our Code of Criminal Procedure where, in Article 540, it is provided: "No appeal lies in any criminal case, except as otherwise provided in this Code, from any order, ruling or judgment which does not finally dispose of the case. The prosecution and the defense have each the right in an appealable case to appeal from the final prejudicial judgment."

Under early English practice, the defendant himself had only a narrowly circumscribed form of review, it being confined to errors of law appearing on the face of the record in misdemeanor cases alone. The appeal was by what is known as a writ of error. Bills of exceptions were unknown to the common law until their creation by the adoption of the statute of 13 Edw. 1, Chapter 31, and they were then held to apply

in civil cases only although they were subsequently, as a matter of favor, ex gratia, allowed in cases not involving treason or felony. Under this early English practice the prosecution never had a right of appeal in criminal cases and the same is true in England to this day. The prosecution cannot appeal on any matter, either from an acquittal or an order of the court to the Court of Criminal Appeals although in rare cases an appeal by the prosecution lies from the Court of Criminal Appeals to the House of Lords on questions of unusual public importance and even then the consent of the attorney general is necessary. By the enactment of the Crimes Act of 1805, and, subsequently, the Revised Statutes of 1870, we adopted into and made a part of our criminal system the rules of evidence and procedure in criminal matters as they then existed under the common law and we have ever since been construing our statutes and deciding our cases in the light thereof. This court did, however, by jurisprudence, permit review on appeal of rulings of the lower court when they were based on testimony and such testimony or evidence was incorporated in a bill of exceptions. It was not until the adoption of Act 113 of 1896 that it was made the mandatory duty of the court when a bill of exceptions was reserved to *"order the clerk to take down the facts upon which the bill has been retained,* which statement of facts shall be preserved among the records of the trial; and if the case be appealed, the clerk shall attach to the bill of ex-

ceptions a certified copy thereof, which shall be taken by the appellate court as a correct statement upon which the exception is based." (Italics mine.)

Prior thereto the only known method of bringing evidence before the Supreme Court in a criminal case was by incorporating in a bill of exceptions retained by the complaining party (whether the state or the defense) the facts excepted to in the lower court and these, if correct, were approved by the court. If not, the trial judge, in a per curiam, would give his appreciation of the facts and this, of course, under our jurisprudence was controlling. This system, while the best and only one known at the time, was most unsatisfactory. This court, in the case of State v. Nelson, 32 La. Ann. 842, in discussing the "jurisprudence of the State and of. the conflicting foreign authorities by which it was sometimes propped," characterized it as being "contradictory, vacillating, unsettled, and unsatisfactory." That this condition gave rise to the enactment of Act 113 of 1896 is eloquently suggested by the court's observation in that case that "The difficulty of a disagreement between the judge and counsel as to the facts proved may well be obviated *by requiring the testimony to be reduced to writing, and, next, annexing it to a bill of exception, as a component part thereof * * * to have such testimony put of record at the instance of either party * * * .*" (Italics mine.)

It is to be noted that the legislature in adopting Act 113 of 1896 prescribed as a condition precedent to the taking of testimony the reservation of a bill of exceptions and limited such testimony to the facts upon which the bill was retained. Clearly, therefore, without the reservation of such a bill the taking of the testimony was not only unauthorized, but it could not form a part of the record either under the act or under the jurisprudence. The act did not limit its applicability to the defense. It simply states that "if the case be appealed" the clerk of court shall reduce the testimony to writing and annex it to the bill of exceptions reserved and make it a part of the record. Obviously it was intended to apply *"at the instance of either party"*, depending on the one appealing. (Italics mine.)

With all due respect to the learned author of and my colleagues who signed the majority opinion, I cannot subscribe to the same. It is my firm opinion that the prior decision of this court in the LeBleu case is not only sound and in keeping with the *statutory* law and the jurisprudence, but that it has for its basis the fundamental precepts of the common law, by which this state by express statute has elected to be guided in the trial of criminal cases. State v. Hunt, 4 La.Ann. 438; State v. Dorsey, 207 La. 928, 22 So.2d 273.

I cannot conceive of any compelling or logical reason for the overruling of the LeBleu decision. The majority opinion has not cited a single authority, obviously because none is to be found. Besides, the majority opinion is based on a deduction

that, in my humble opinion, is not in accordance with any recognized rule of construction:

For these reasons I respectfully dissent.

On Rehearing

MOISE, Justice.

The State of Louisiana is appealing from the judgment of the district court ordering the nolle prosequi of the indictment returned against the defendant, Emile Lecompte, charging him with the crime of manslaughter, for the reason that more than three years had elapsed since the date of the filing of said indictment without the accused having been brought to trial, in pursuance of the provisions of Article 8 of the Code of Criminal Procedure, as amended by Act 147 of 1942.

█ In order to determine whether the ruling of the trial judge is correct, it is necessary to review the evidence adduced on the trial of the rule, and, since it appears the the state failed to reserve a bill of exceptions to such ruling of the trial judge, there is now before us for consideration the question of whether or not the evidence although brought up with the record in the transcript, can be considered by this Court. Counsel for the State contends that it is not necessary for the State to reserve a bill of exceptions. Defendant's counsel argues that the only means of making evidence a part of the record

is by incorporating it in a bill of exceptions.

█ This identical issue was presented for our consideration in the case of State v. LeBleu, 203 La. 337, 14 So.2d 17, and was disposed of adversely to the State's contention herein, in a well-considered opinion. In that case, we recognized that under the established jurisprudence of this State " * * * evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it is annexed to and made a part of the bill that has been timely reserved" (citing authorities); and that "In the absence of a bill of exceptions, the judgment of the lower court will not be reversed except when there is error patent on the face of the record". In commenting on the fact that the appeals in the several cases upon which this jurisprudence was formulated were taken by the defendants, the Court said: " * * * we know of no good reason why the stated requirements should not be equally applicable to the state when appealing. The rule merely states the manner by which an appellant, in order to obtain a review of an adverse conclusion drawn from facts, shall present the pertinent evidence to the appellate court; and the matter of whether or not the complainant is *the accused* or *the state,* it seems to us, should be and is of no mo-

ment." 203 La. at page 340, 341, 14 So.2d at page 18.

■ After further study of this case, which is before us on rehearing, and, having decided that the findings reached in the original opinion handed down by this Court on November 10, 1947, are not in accord with our views, we come to the conclusion that our decision in the case of State v. LeBleu, supra, is logically sound and in harmony with the law and accepted jurisprudence of this Court and we will, therefore, adhere to the principles therein enunciated. Consequently, the note of evidence found in the record forms no part thereof and cannot be considered by us in determining the issues presented herein.

■ An examination of the record in the instant case reveals that the defendant was indicted for the crime of manslaughter on November 17, 1942 and that on May 31, 1946, more than three years later, his case not having been tried and it not appearing that the delay was caused by defendant absconding or being a fugitive from justice or that he " * * * escaped trial through dilatory pleas, or continuances obtained by him or in his behalf", it follows that the ruling of the district judge in ordering that a nolle prosequi be entered, under the mandatory provisions of Article 8 of the Code of Criminal Procedure, is correct.

For the reasons assigned, the judgment appealed from is affirmed; the State's right to apply for a rehearing is reserved.

McCALEB, J., concurs.

HAWTHORNE, J., dissents and assigns written reasons.

O'NIELL, C. J., dissents, adhering to the opinion and decree written by HOLCOMBE, Justice ad hoc, on the original hearing of this case.

McCALEB, Justice (concurring).

I subscribed to the original opinion herein, which overruled the decision in State v. LeBleu, 203 La. 337, 14 So.2d 17, and I still hold to the view that there is nothing contained in the Code of Criminal Procedure which requires or contemplates that the State reserve a bill of exceptions in order for us to consider evidence in the few cases in which the State is permitted to appeal. However, in spite of my personal convictions, the opinion in State v. LeBleu announces a rule for guidance in cases of this sort and, while, of course, it is not a rule of property, no harm can result by maintaining the conclusion reached there. In fact, there can be little question as to the fairness of the decision as it merely charges the district attorney with the same obligation imposed on the defendant by the Code of Criminal Procedure in cases where the State has the right of appeal.

It is a salutary tenet that courts should adhere to precedent where no real harm is likely to occur and where there is other-

wise no compelling reason to overrule a decision. This doctrine is not stare decisis but merely a rule of reason.

After much reflection, I fear that my vote on the original hearing was prompted by a desire to correct what I believed to be an error. This was error of itself, because the particular conceptions of the judge as an individual should not be of great consequence to the law. It is more important that he adapt himself to accept precedent to the end that there may be greater stability in the jurisprudence.

I concur in the decree.

HAWTHORNE, Justice (dissenting).

I respectfully dissent from the opinion of the court that the State must reserve a bill of exception in order to have evidence considered by this court on appeal. Under the view taken by the court on rehearing, the majority found it unnecessary to rule on the plea of prescription considered on original hearing, and I therefore express no opinion on this question.

**36 So.2d 704**
**PLUNKETT et ux. v. UNITED ELECTRIC SERVICE.**
No. 38119.
Jan. 12, 1948.
On Rehearing June 15, 1948.