175 So.2d 826

**STATE of Louisiana**

**v.**

**Edward F. ELFERT and Melvin A. De Jean.**

No. 47647.

June 7, 1965.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellant.

Peter J. Compagno, New Orleans, for appellees.

FOURNET, Chief Justice.

The defendants, Edward F. Elfert and Melvin A. De Jean, invoked the provisions of R.S. 15:7.8,[1] claiming the case against them should be dismissed inasmuch as no trial had been commenced within two years from the date on which they were charged with simple burglary in an information. The state prosecutes this appeal from the judgment of the district court maintaining the plea of prescription and dismissing the case.

In this court the defendants filed a motion to dismiss the appeal, contending the state was without a right of appeal inasmuch as it failed to timely reserve and perfect a Bill of Exceptions to this ruling. There is no merit to this motion. While it is true the state, if it desires to have errors allegedly committed in the trial court reviewed on appeal, must, just as those accused, reserve a bill at the time such errors occur, and thereafter timely perfect them, a failure to do so does not preclude the state from urging (as those accused also can), any errors on appeal that may be patent on the face of the record. State v. LeBleu, 203 La. 337, 14 So.2d 17; State v. Lecompte, 214 La. 117, 36 So.2d 695.

On the merits, counsel for the state contend that the question of whether the charge levelled against the defendants as prescribed is one of law alone; consequently, evidence was unnecessarily taken on the hearing of the plea of prescription since "An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record." R.S. 15:503. They assert that inasmuch as the Bill of Information, which is in the record, discloses it was filed November 7, 1962, and the minutes of the court disclose that on October 27, 1964, a continuance was granted on motion of the defendants, the

1. The pertinent portion of this section provides: "Except as otherwise provided in this subpart, no trial shall be commenced in * * * felony cases after two years from the date of the institution of the prosecution * * *."

period of limitation of two years in felony cases provided in R.S. 15:7.8 was suspended under the provisions of R.S. 15:7.10, the pertinent portion of which is to the effect that the running of the periods of limitation established in R.S. 15:7.8 "shall be suspended until the ruling of the court" on "a motion to quash *or other preliminary plea*," the state having at least one year from the date of such ruling on which to commence the trial. (The emphasis has been supplied.)

■ The argument of counsel representing the defense that the legislature, by its adoption of Act No. 25 of 1960, did not intend, by including therein the provisions of R.S. 15:7.10, to have the running of the period of limitation interrupted or suspended by dilatory pleas or continuances, lacks substance when this act is considered in the light of the fact it was adopted to repeal Articles 8 and 9 of the Code of Criminal Procedure (R.S. 15:8 and 15:9) because of the diversity of opinion among the members of the judiciary as to the meaning and effect of these articles and their proper application, and to provide a definite time within which prosecutions can be instituted by the state and a fixed time within which the trial must be commenced after they are instituted. A preliminary plea within the meaning and contemplation of this article is

any plea filed after the prosecution is instituted and before the trial that causes the trial to be delayed.

■ In determining what occurred during the trial of the plea forming the basis of the error here complained of, this court, as in all criminal cases presenting similar problems, is bound by the minutes of the lower court. And without a showing to the contrary, it must be presumed the trial judge followed the law in granting the continuance in this case. In so far as the relief sought by the defendants is concerned, however, it is immaterial whether the motion for a continuance was actually filed by defendants, as indicated in the court's minutes, or the continuance was granted by the trial judge on behalf of defendants in order that they might have time in which to secure the assistance of legal counsel. If the continuance was granted to permit them to secure an attorney of their choice, the period of limitation was *suspended* until such time as they made known to the court that they had employed counsel. On the other hand, if the judge granted the motion for a continuance ex proprio motu to permit the defendants to secure counsel when they appeared before him for trial without legal assistance, as claimed by defense counsel, then the period of prescription was *interrupted* under the provisions of R.S. 15:7.9 [2] under the decisions of

2. R.S. 15:7.9 provides, in essence, the period of limitation established in 7.8 shall be interrupted if the defendant leaves the state to avoid arrest and prosecution, "cannot be tried because of insanity or

because his presence for trial cannot be obtained by legal process," "or for any other reason beyond the control of the state."

the United States Supreme Court, and particularly the one in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, handed down March 18, 1963, over a year prior to the date on which the defendants were called for trial in October of 1964, since the case could not, under this decision, have then been legally tried. Consequently, the state's failure to bring the defendants to trial within the time prescribed in R.S. 15:7.8 was not a matter over which it had any control.

We fail, therefore, to appreciate how defense counsel's suggestion that the judge could have immediately appointed counsel to represent the defendants, if they were unable financially to employ one, could have aided their cause. Such an instanter appointment to be legally and lawfully effective would have resulted in a continuance of the case to permit the court-appointed attorney to familiarize himself with the matter and prepare for trial, thus bringing the case within the suspensive provisions of R.S. 15:7.10.

For the reasons assigned, the judgment of the district court sustaining the plea of prescription and ordering the case dismissed is reversed, the plea is overruled, and the case is remanded to the lower court for further proceedings in accordance with law.