## No. 12,397.

### STATE OF LOUISIANA VS. S. M. TAYLOR ET AL.

*Motion to Dismiss.*—Although the error complained of is one more properly within the supervisory jurisdiction of this court, but as the ruling of the trial judge, if error, finally, in effect decides the cause against the State, the court exercised jurisdiction on appeal.

*On the Merits.*—Where it appears that the person injured is not the person named in the indictment the variance is fatal to the indictment.

APPEAL from the Fourth Judicial District Court for the Parish of Caldwell.  *Machen, J.*

*M. J. Cunningham,* Attorney General, and *C. P. Thornhill,* District Attorney, for Plaintiff, Appellant.

*S. H. Gilbert* for Defendant, Appellee.

Submitted on briefs January 23, 1897.
Opinion handed down February 1, 1897.

The opinion of the court was delivered by

BREAUX, J.  The State is the appellant in this case from the ruling of the trial judge refusing to permit the prosecuting officer to amend the indictment by changing the surname of the one injured from Leo to Willis (McDonald).  The motion to amend was filed, tried and decided two days prior to the day fixed for trial of the cause.

As to the facts, the District Judge states as part of the bill of exception, that the defendants went into the field of Willis McDon-

ald, where he and his son Leo McDonald were at work, and that in the presence of the latter and others they shot Willis McDonald.

That the amendment asked for sought to substitute Willis McDonald, upon whom the offence was committed, to Leo McDonald, upon whom no offence was committed; that the amendment was one of substance and not of form.

On the part of the prosecution the reverse was urged; that it was an amendment in matter of form and not of substance.

The defendant in this court filed a motion to dismiss the appeal on the ground that the appeal was taken from an interlocutory decree before the trial of the cause.

In the alternative, should the court take cognizance of the appeal the defendant avers that the motion to amend filed in the court below was a motion changing completely the identity of the one alleged to have been injured.

### ON MOTION TO DISMISS.

An appeal is made to this court to review the ruling of the lower court made on a preliminary question before trial, sentence and judgment.

Although in our view the better practice is to bring up questions of error in criminal cases, prior to sentence and judgment of the court, under our supervisory jurisdiction, yet when the ruling, if erroneous, would illegally put an end to the prosecution, the court may entertain jurisdiction on appeal.

### MOTION TO AMEND THE INDICTMENT.

The facts sustain the ruling. The purpose was to substitute another person to the one it was charged, had been injured, and not to correct a name or surname for the purpose of more complete identification. The amendment sought was one of substance and not exclusively one of form.    Where it appears that the person injured is not the person named in the indictment, the variance can not be amended.    Wharton, par. 258, Vol. 1, 7th Ed.

The appeal is denied; on the merits the ruling of the lower court is sustained.

The judgment of the District Court is affirmed.