PEOPLE *v.* SCOFIELD.[1]

1. CRIMINAL LAW—ROBBERY—PLEA—GUILTY—STATEMENT OF ACCUSED—EXPLANATION OF PLEA.

   Where, on a prosecution under section 11484, 3 Comp. Laws, for assault and robbery, the robber being armed and having an intent to kill if resisted, respondent pleads guilty, but states that he had no intent to kill, it is error for the court to convict him of the offense charged, it being his duty in such case to enter a plea of not guilty and put respondent on trial.

2. ROBBERY—ASSAULT WITH INTENT TO ROB.

   A conviction of robbery cannot be sustained under section 11485, 3 Comp. Laws, defining assault with intent to rob.

3. CRIMINAL LAW—ERROR AND CERTIORARI—ERRONEOUS CONVICTION—REVERSAL.

   Where, on error and certiorari in a criminal case, it appears that respondent was convicted upon a plea of guilty that should not have been received, and given a sentence authorized by law for the crime of which he was convicted, it is the conviction and not the judgment that is invalid, and on reversal a new trial will be ordered as in other cases of reversal.

Error and certiorari to Lenawee; Chester, J. Submitted November 16, 1905. (Docket No. 240.) Decided December 4, 1905.

Harry Scofield was convicted of robbery, and sentenced to imprisonment for not less than ten nor more than fifteen years in the branch of the State prison at Marquette. Reversed, and new trial ordered.

*Charles T. Wilkins* and *Thomas J. Mahon*, for appellant.

*Theodore M. Joslin*, Prosecuting Attorney, for the people.

[1] Rehearing denied January 23, 1906.

HOOKER, J.  The defendant was arraigned upon an information charging the offense defined by 3 Comp. Laws, § 11484, including the allegation "with intent if resisted to kill," etc.  To this charge he pleaded guilty.  He was given a private examination by the circuit judge, and freely confessed the circumstances of the offense, and satisfied the judge that his plea was voluntary.  On the occasion of the sentence he was publicly interrogated by the judge, when he again admitted the circumstances, but denied that he had the intent to kill if resisted.  He was thereupon sentenced to imprisonment at Marquette, for not more than 15 nor less than 10 years.  The case was removed to this court by writ of error, upon the ground that the investigation made by the circuit judge failed to disclose facts warranting his acceptance of the plea of guilty, and imposing such sentence.  Subsequently a writ of certiorari was taken to bring up the necessary facts in relation to the proceedings.  A return was made by the judge, from which it appears that, after the plea of guilty, and at a private interview with the defendant, the judge fully explained the nature of the offense charged, and the penalty that might be inflicted thereon, that defendant admitted that he did with force and arms, while armed with a dangerous weapon, make an assault on Anzonettie Angell, with intent to rob her and take from her person a gold ring, and that he put her in great fear; but he denied that he had any intention of killing her, if resisted.  The judge certified that he accepted respondent's plea of guilty upon a charge of robbery, and imposed the maximum sentence provided by law, viz., 15 years, with a minimum of 10 years, and that he was not sentenced upon the charge contained in the information, but "upon the lesser offense, to every element of which he knowingly and voluntarily pleaded guilty."  The record contains the judgment entry, which recites that the defendant was, "upon his voluntary plea of guilty, duly convicted of the crime of robbery, armed with dangerous weapons, as appears from the record thereof."  It does not contain the usual formal

entry of arraignment and plea. The warrant of removal recites the sentence and was accompanied by the statutory statement by the judge, giving the circumstances to which he states that defendant pleaded guilty to the charge of robbery.

It is contended that the record shows that the defendant did not understandingly plead guilty to the offense charged in the information. The prosecutor claims that he did understandingly plead guilty to every element of the offense of robbery, though not to the offense created by section 11484, and that he was properly convicted and sentenced under section 11485, which provides:

"(11485) SEC. 16. If any person, being armed with a dangerous weapon, shall assault another, with intent to rob, he shall be deemed a felonious assaulter, and shall be punished by imprisonment in the State prison not more than fifteen years."

The judge has not said so, however. The difficulty with this contention is that the record does not show that the defendant was convicted or sentenced for the offense described in that section. Neither do the facts, for they show him to have been armed with a dangerous weapon. It may be said that he was guilty of all included in that section and more, because he was armed with a dangerous weapon, and actually did steal from the person; both being alleged in the information. All of this is true, yet he could not lawfully be convicted of robbery under that section, for the offense there described is not robbery. The case of *People* v. *Calvin*, 60 Mich. 119, is conclusive upon that question. Hence, if it could be said that he had been, the conviction was erroneous. On the other hand, he has not been sentenced for larceny from the person, even if it can be said that he has been convicted of that. Moreover, the statute (section 11552) imposes a penalty not exceeding five years' imprisonment, and the sentence would therefore be grossly excessive, even if we could assume that the court would have imposed the maximum, had he supposed he was sentencing for that offense.

Evidently he was not convicted of that offense, though perhaps he might have been. The record admits of no other conclusion than that the defendant was erroneously convicted of the offense charged in the information; it having been the duty of the court to supplant the plea of guilty by one of not guilty, and put defendant upon trial for the offense charged in the information.

Defendant's counsel ask his discharge, upon the theory that he was erroneously sentenced, and for the reason that the error is in the judgment and not in the conviction. See *Elliott* v. *People*, 13 Mich. 365; *O'Neil* v. *People*, 15 Mich. 275; *Wilson* v. *People*, 24 Mich. 410. This conviction is not valid, and the sentence erroneous within the principle of those cases. If it be established that the conviction was of the offense charged in the information, as defendant's counsel insist that it was, the sentence was one that the law authorizes, and it can only be avoided in this case by setting aside the conviction as erroneous. In such case, a new trial is to be ordered as in ordinary cases of reversal. That this may be done when, as in this case, the cause is here on error and certiorari, appears from the case of *People* v. *Murray*, 89 Mich. 277 (14 L. R. A. 809), and even upon certiorari alone. See *People* v. *White*, 53 Mich. 539.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.