BREAUX, C. J.
The defendant was prosecuted in accordance with an indictment charging him with having murdered George Bouis.
He was found guilty on the 18th day of May, 1907. The jury modified the verdict “without capital punishment.”
The defense filed a motion for a new trial, which was granted on the 25th of May, 1907.
To the order granting the new trial the counsel assisting the prosecution objected, excepted and reserved a bill of exceptions. Immediately after the new trial had been granted the accused asked to be permitted to withdraw his former plea of not guilty, and to' have the plea entered of guilty of manslaughter. The motion was granted by the court.
The first question that presents itself to us is whether the case is appealable or not.
Doubtless, because the case presents a new phase, the Attorney General felt concerned lest it would be dismissed by this court ex proprio motu.
There is no motion before us to dismiss the appeal.
We have the argument of the Attorney General favorable to the right of appeal.
We will state preliminarily that, although it has happened that verdicts have been found acquitting defendants who should not have been acquitted, no one has conceived the idea of appealing from a verdict acquitting an accused; but here the appeal is not to be considered as one from the verdict of a jury acquitting the accused. On the contrary, it is an appeal from the sentence of the court without a jury on the ground that the court had no authority to pass sentence upon the accused. The state under the circumstances had the right to be heard on appeal in order to have it determined whether or not the sentence imposed should stand. It is the correct view to be taken from the standpoint of the state, and also as relates to the accused.
*437 Appellate Jurisdiction.
If the sentence is invalid, it may be recalled in this case, and this whether the case comes up to us by way of appeal or under our supervisory jurisdiction.
There is a right of appeal when before the trial the indictment is quashed or held bad on demurrer. State v. Humphries, 35 La. Ann. 966; State v. Taylor, 34 La. Ann. 978; State v. Ross, 14 La. Ann. 364; State v. Clay, 12 La. Ann. 431; State v. Ellis, 12 La. Ann. 390; State v. Hood, 6 La. Ann. 179; State v. Jones, 8 Rob. 573.
There is also a right of appeal when after verdict a motion in arrest of judgment has been sustained. State v. French, 50 La. Ann. 461, 23 South. 606; State v. Brabson, 38 La. Ann. 144; State v. Robinson, 37 La. Ann. 673; State v. Cason, 20 La. Ann. 48.
In these eases the action of the court had been final, and yet the state’s appeal was heard. As in the case of State v. French, before cited, the court held that the state is entitled to an appeal from a judgment sustaining a motion in arrest and setting aside the verdict,' for the reason that the order annulling the verdict- was not in character final, and, if erroneous, caused injury.
We quote from State v. Taylor, 34 La. Ann. 978:
“There is no question here of an acquittal by the jury. It was a matter in which the judge alone acted.”
This distinction has been observed in a number of cases, holding that the province of the jury is not infringed upon by the orders and judgment of the courts of the first instance, not connected with the facts, showing the innocence or guilt of the accused.
See, also, State v. Humphries, 35 La. Ann. 966.
In the case of State v. Taylor, 49 La. Ann. 319, 21 South. 516, in a reference to the amendment of an indictment, this court said:
“An appeal is made in this. court to review the ruling of the lower court, made on a preliminary question before trial, sentence, and judgment. Although in our view the better practice is to bring up questions of error in criminal cases prior to sentence and judgment of the court under our supervisory jurisdiction, yet, when the ruling, if erroneous, would illegally put an end to the prosecution, the court may entertain jurisdiction on appeal.”
In our view this court has jurisdiction.
Should the judgment be annulled and the case remanded?
In considering this point, we will have to go over part of the grounds heretofore presented in so far as relates to the proceedings, in order that the case may be more fully before us.
An application for a new trial having been made by the defendant and granted by the court, he, defendant, through counsel moved the court to be permitted to set aside the plea of not guilty, entered at his instance in due time before the jury had found him guilty, and to be permitted to plead guilty of manslaughter.
By bill of exceptions No. 4 it is made to appear that Mr. F. 0. Claiborne, counsel of record for the state, objected to the plea on behalf of the state (the acting district attorney, who was absent at the date the new trial was granted, had made.the statement in open court on the 18th day of May, 1907, after the jury had returned their verdict, that he would from that time on leave the case entirely in charge of his associate, the attorney before named).
The court accepted the plea over the objection of the assistant counsel for the state, overruled his objection, and ordered the clerk to enter the plea, which was objected to by the assistant counsel. Thereupon, states the bill of exceptions, the court ordered the accused to stand up for sentence. Whereupon, assistant counsel before mentioned objected to the sentence which the court was about to pronounce.
*439 The objection was overruled.
In one of the bills of exception it is stated by the trial judge that the court had granted a new trial, believing that a verdict of manslaughter would have been proper; that District Attorney Wax had expressed to him, at the close of the evidence, his willingness to accept the plea of manslaughter. He, the prosecuting officer, also stated that he left the matter in the hands of Mr. E. 0. Claiborne, who was associated with him in the prosecution. The trial judge stated that he had knowledge of the fact that Mr. Claiborne was employed by private prosecutors to prosecute the accused, and for that reason he could not consider him or recognize him as a proper adviser; that the accused then, as he had a right to do, entered a plea of guilty of manslaughter. The court further stated that, the district attorney being absent, he could not wait. He then sentenced the accused to serve six years at hard labor in the penitentiary.
To quote literally, the following is the trial judge’s statement forming part of the bill of exceptions:
“District Attorney Wax had expressed to the presiding judge at the close of the evidence his willingness to accept a plea of manslaughter, and again after the filing of the motion for a new trial.”
But he then stated that he “left the matter in the hands of Mr. F. C. Claiborne, who was associated in the prosecution.”
We can only say here that the district attorney is a constitutional officer. While we readily understand that the absence of the district attorney gave rise to some concern, we do not think we should lay down a rule that would apply in cases of absence of that officer, and in ease he leaves the prosecution in charge of his assistant.
The grounds before mentioned do not seem to. us to have been sufficient to justify sentence at that time. Moreover, according to the statement of the honorable trial judge, the district attorney did not consent to sentence, and no request came from him upon the subject. The conversations 'referred to-we do not think are to be taken as indicating' positively his desire in the premises. After the new trial had been granted the case was, as it were, at large, as if there had been no previous trial. It then returned to the docket of the court as a case to be tried, and it became one of the cases to be prosecuted by the district attorney.
There arose a discretion which is reposed in the prosecuting officer, and he at that time cannot be required to exercise that prerogative either by the court or any one connected with the case; but the order is usually taken upon motion by the prosecuting officer and with leave of the court. There are two parties, the state and the accused, and the former is represented in the district court by the district attorney. On his motion, the court consenting, the plea is accepted. 10 Ency. of Pleading & Practice, p. 556, etc.
It is the duty of the district attorney to-appear for the state in criminal cases. Frequently a hard duty; one requiring some firmness and decision. He should not be overlooked or ignored. He has exceptional opportunity to judge regarding the rights of an accused or of the state. His advice at many points of the case is of the greatest importance.
He, as before stated, is a constitutional officer. His functions are highly important. While a criminal case is in the district court, it is unquestionably under the control of the district attorney, and continues under his control in a sense until the Supreme Court acquires jurisdiction, when it falls within the control of the Attorney General. It is made the duty of the district attorney to appear in behalf of the state and conduct the case in the district court.
The case was on the trial docket after the motion for a new trial had been granted. *441 We are of the opinion that under the circumstances the sentence was prematurely entered, and without sufficient hearing from the ■district attorney.
For reasons stated, the action of the district court is set aside, avoided, and annulled; also the verdict and sentence, and the case is remanded to be proceeded with according to law.
PROVO STY, J., recused.