## STATE v. A. L. McDONALD.

No. A-2036.   Opinion Filed January 3, 1914.

(137 Pac. 362.)

1. **APPEAL—Notice.** (a) Where the notices of appeal required by statute were served upon the county attorney and clerk of the court in which the judgment was rendered, an appeal will not be dismissed because a summons in error was not served or waived.

   (b) Where the notices of appeal required by statute have not been served, this defect may be cured by the service of a summons in error upon the Attorney General, or by securing a waiver thereof.

2. **TRIAL—Right to Modify Accusation—Jury Trial.** (a) The trial court has the power and lawful right, without the consent of the county attorney, where a defendant is charged with murder, to order the dismissal of said charge, and permit the defendant to plead guilty to manslaughter in either degree, and assess his punishment therefor without the intervention of a jury.

   (b) Both the state and defendant have the right to demand a trial by jury as to all controverted questions of fact, but where a defendant pleads guilty it is not necessary for the court to submit the question of punishment to a jury unless the defendant so demands.

*Appeal from District Court, Canadian County;*
*John J. Carney, Judge.*

A charge against A. L. McDonald for murder was dismissed without consent of the county attorney, and he was permitted to plead guilty to manslaughter in the second degree, and his punishment assessed without the intervention of a jury, and the State appeals. Affirmed.

*C. J. Davenport* and *S. T. Roberson,* Co. Atty., for the State.

*J. G. Ralls,* for appellee.

FURMAN, J.   First. A motion was made to dismiss this appeal because a summons in error had not been issued or waived. This motion is based upon section 5997, Rev. Laws 1910, which reads as follows:

·   "Instead of the appeal hereinbefore provided for any party desiring to appeal to the Criminal Court of Appeals in any criminal case may proceed by case-made and petition in error in all respects with all the rights, as provided in 'Procedure Civil,' and the summons in error shall be served upon the Attorney General, unless the same is waived as in other cases.   Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

This section should be construed in connection with section 5992, Rev. Laws 1910, which reads as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment.   If taken by the defendant, a similar notice must be served upon the prosecuting attorney.   If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

We are of opinion that section 5997 is an enlargement upon, and is not an abridgment of, the right of appeal.   That is to say, if a notice of appeal has not been served upon the county attorney and upon the clerk of the court where the judgment was entered, that an appeal should not be dismissed for want of such notice, if a summons in error is issued as provided for in section 5997.   In this case proper notices of appeal were served. It was therefore not necessary to issue or waive summons in error.   The motion to dismiss the appeal is therefore overruled.

Second. As this was a prosecution in which the defendant was charged with the crime of murder, it is earnestly insisted by the Attorney General that the trial court did not have the power to dismiss the charge of murder, except upon the motion of the county attorney, and to permit the defendant to plead guilty to

manslaughter in the second degree, over the objections of the county attorney. In some jurisdictions this is the law, but we think that the statute of Oklahoma settles this question adversely to the contention of the Attorney General. Section 6099, Rev. Laws 1910, is as follows:

"The court may either of its own motion or upon the application of the county attorney, and in the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

The effect of this statute is to abolish the common-law right of the prosecuting attorney to *nolle prosequi* an indictment or information, except with the consent of the court. It goes further, and, under certain conditions, vests the trial judge with the power, whenever in his judgment the interest of justice may require it, to order the dismissal of an indictment or information, with or without the consent of the county attorney. This is the law of Oklahoma, and by it we are bound. Independently of this statute, we are of the opinion that the trial court could rightfully exercise this power. It cannot be disputed that if, upon a trial for murder, there is no evidence tending to prove that the dedefendant is guilty of murder, and if all of the testimony in the case for the state simply tends to prove manslaughter, the trial court would be justified in submitting the issue of manslaughter alone to the jury. In fact, in such a case the court should in its instructions confine the consideration of the jury entirely to the question of manslaughter, in connection with any defense which the evidence might present. It is error for the court to submit an issue to the jury when there is no evidence to support it. There is a difference between insufficient evidence and no evidence as to the guilt of a defendant. If, in the opinion of the court, the testimony as to the guilt of a defendant is insufficient to warrant a conviction, the court may advise the jury to acquit the defendant (*Pilgrim v. State,* 3 Okla. Cr. 49, 104 Pac. 383), but, where there is absolutely no evidence as to his guilt, it is the duty of the court to instruct the jury to find the defendant not guilty. In such a case it would be folly to submit the

case to the jury.   Now, if the court may order an acquittal where there is absolutely no evidence of the guilt of a defendant, with what show of reason could it be said that the court cannot order the dismissal of a case under similar circumstances?   Why the necessity of putting the state and the defendant to a trial, when the court is fully advised that an offense cannot be made out?  Section 6099 goes further than this.   It authorizes the court to dismiss a case whenever in its judgment the furtherance of justice may be subserved thereby.   It may be that the evidence would warrant a conviction, but, if the court is of the opinion that such conviction would be unjust and that the best interest of society would be subserved by the dismissal of a case, the statute above quoted authorizes such action.   It must never be forgotten that the enforcement of justice is the sole object of the law.

The discretion conferred by the statute herein quoted is not an arbitrary discretion and is subject to review, and the state has the right to bring it to this court upon a reserved question, but this court will not assume that the trial court has abused its discretion in the absence of a showing to that effect.   If the court refused to consider legal evidence which was offered by the prosecuting attorney, then such evidence should be incorporated in the record either by bill of exceptions or case-made.   Nothing of the sort appears in this record.   In the absence of such showing, this court will not revise the action of the trial court.   It is claimed that the trial court was without authority to dispense with the verdict of a jury in this case.   It is true that our Constitution provides that the right of a trial by jury shall be inviolate, and we are of the opinion that the state as well as the defendant has the right to a trial by jury as to all controverted questions of fact, and that the court cannot proceed with such a trial without the consent of both parties.   *Dalton v. State,* 6 Okla. Cr. 85, 116 Pac. 954.   But where a defendant pleads guilty, there is nothing to try.   It is true that where a defendant requests it, the question of punishment must be submitted to the jury, but where no such request is made by the defendant, or where the jury do not assess the punishment, this is a question for the court alone.   The statute does not point out what course

must be pursued by the court before it can order the dismissal of a case, or by what means it must inform itself as to what punishment should be inflicted. This is a question for the judge to decide. These matters are within the discretion of the court, and an abuse of this discretion must be shown before his action will be reversed. Under the record in this case we fail to find that the trial court abused his discretion in ordering the dismissal of the charge of murder against the defendant, and in permitting him to plead guilty to manslaughter in the second degree, and assessing his punishment.

Judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.