ST. PAUL, J.
The appellant was convicted of an “assault by willfully shooting at.” The indictment charged that the person assaulted was one H. O. Jeff. But, whilst the jury was being impaneled, the district attorney asked leave of the court to amend the indictment by substituting for the name of H. O. Jeff-that of Charlie Clark, an entirely different person, and not another name for the same person. • To which the defendant objected; but the court none the less allowed the substitution, and the defendant reserved his bill of exception.
I.
Act 123 of 1855, p. 171, now section 1047 of the Revised Statutes of 1870, reads (in part) as follows:
*909 “Whenever on or before the trial of any indictment for any crime or misdemeanor, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, * * * in the name or description of any person, body politic or corporate, therein stated or alleged to be injured or damaged, or intended to be, injured or damaged by the commission of such offense, * * * it shall be lawful for the court before which the trial shall be had. if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense, to order such indictment to be amended according to the proof,” etc. (Italics ours.)
II.
The statute also provides for amendments in other particulars; but, from the clause which we have italicized, it is clear that the insertion of words essential, and not merely formal, does not come within the intent and meaning of the act, and where the indictment, without the amendment, is fatally defective, it cannot under the statute be amended so as to render it a legal and valid one. See State v. Durbin, 20 La. Ann. 408.
Still less, therefore, can an amendment be allowed when the effect thereof is to charge an entirely different crime. And an assault upon a person named Clark is an entirely different offense from an assault on a person named Jeff, when Clark and Jeff are not merely different names for the same person, but are in fact different persons. See State v. Morgan, 35 La. Ann. 1139: State v. Taylor, 49 La. Ann. 319, 21 South. 516.
Decree.
The judgment and sentence appealed from are therefore reversed and set.aside, and it is now ordered that the defendant be discharged, without prejudice however to the right of the state to proceed against him under a proper charge.