## STATE v. JIM CORDRAY.

No. A-5454. Opinion Filed Oct. 16, 1926.
(249 Pac. 965.)

The Attorney General and W. W. Miller, Co. Atty., for the State.

PER CURIAM. In this case the information, in substance, charges that in Cherokee county, May 7th, the defendant, Jim Cordray, did ravish and have sexual intercourse, accomplished by force and violence, overcoming the resistance of one Minnie Sells, a female not the wife of the said defendant. To this information the defendant entered a plea of not guilty, and, upon the trial, the record shows that after the evidence had been introduced, the defendant asked leave to withdraw his plea of not guilty and enter a plea of guilty of rape in the second degree, at which time the court granted the motion. Said plea of guilty having been entered, the court discharged the jury from further consideration of the case, over and against the objection of the county attorney. Thereupon the court sentenced the defendant to serve a term of three years in the reformatory at Granite, Okla. From the ruling and judgment, the state appeals.

The errors assigned question the power of the court to permit the defendant to withdraw his plea of not guilty, and permit the defendant to plead guilty to rape in the second degree. No brief has been filed in support of the errors assigned, or the legal question reserved by the state's objection to the proceeding had. However, we think the question here presented has been

decided by this court in the case of State v. McDonald, 10 Okla. Cr. 413, 137 P. 362, adversely to counsel for the state's contention. In the opinion by Judge Furman, it is said:

"The effect of this statute (sec. 2916, C. S. 1921) is to abolish the common-law right of the prosecuting attorney to nolle prosequi an indictment or information, except with the consent of the court. It goes further, and, under certain conditions, vests the trial judge with the power, whenever in his. judgment the interest of justice may require it, to order the dismissal of an indictment or information, with or without the consent of the county attorney. This is the law of Oklahoma, and by it we are bound. Independently of this statute, we are of the opinion that the trial court could rightfully exercise this power."

The judgment of the lower court is accordingly affirmed.