PEOPLE v. ADCOCK.

DISSENTING OPINION.

A. C. MILLER, J.

1. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY.
   *No specific form of arraignment has been prescribed, but the end result must meet certain standards.*

2. SAME—ARRAIGNMENT—PLEA OF GUILTY—QUALIFIED WAIVER OF COUNSEL.
   *A qualified waiver of counsel stands no better than a qualified plea of guilty.*

3. SAME—UTTERING AND PUBLISHING.
   *The offense of uttering and publishing a bad check is complex, the very terms "utter and publish" being sufficiently archaic that it cannot be assumed that a layman would necessarily understand their legal significance (CL 1948, § 750.249).*

4. SAME—ARRAIGNMENT—PLEA OF GUILTY—RIGHT TO COUNSEL.
   *Defendant's conviction, following a plea of guilty to a charge of uttering and publishing a $25 check held, error, and to require remand for new trial, where, although he was advised that the court would appoint an attorney for him if he was financially unable to procure one, he was never asked if he desired that an attorney be appointed, and his plea of guilty was entered following a waiver of counsel qualified by question of whether counsel was necessary, since defendant should have been asked whether he desired that counsel be appointed, his qualified waiver of counsel standing no better than a qualified plea of guilty, particularly where the offense involved was so complex that it cannot be assumed that a layman would understand the legal significance thereof (CL 1948, § 750.249; GCR 1963, 785.3[2]).*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 454.
[2-5] 21 Am Jur 2d, Criminal Law §§ 317, 486, 488.
[6, 7] 5 Am Jur 2d, Appeal and Error § 839.
[8] 21 Am Jur 2d, Criminal Law § 487.

5. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—WAIVER OF COUNSEL.

Claim by defendant that his conviction, based on a plea of guilty to uttering and publishing a $25 check should be reversed because entered without assistance of counsel and without a knowing and intelligent waiver of the right to counsel *held*, without merit, where (1) defendant first appeared for arraignment without counsel, and when questioned concerning it, stated that he hoped to get one, following which a plea of not guilty was entered on his behalf by the trial court, (2) he next appeared before the court 6 weeks later at which time the court reviewed the proceedings at the prior arraignment, following which defendant indicated that he desired to plead guilty, stating that he felt that an attorney was not necessary, since, under the record presented, it is clear that defendant elected to proceed without counsel, knowing of his right to counsel and to have court-appointed counsel, and that there was a knowing and intelligent waiver thereof (CL 1948, § 750.249; GCR 1963, 785.3[2]).

6. SAME—TRIAL COURTS—FINDINGS OF FACT.

The Court of Appeals, under applicable court rule, may not reverse findings of fact made by a trial court unless clearly erroneous (GCR 1963, 517.1).

7. SAME—TRIAL COURT—FINDINGS OF FACT.

Finding of trial court, after full evidentiary hearing, of no merit to claim of defendant, who pled guilty to a charge of uttering and publishing a $25 check, that such plea had been made because defendant had been misled by the prosecuting attorney into believing his sentence would be less severe than that actually imposed by the trial court *held*, proper, where supported by record, since findings of fact made by a trial court are not reversed unless clearly erroneous (CL 1948, § 750.249; GCR 1963, 517.1).

8. SAME—COURT RULES—PLEA OF GUILTY—CONSEQUENCES OF PLEA—MAXIMUM SENTENCE.

Claim by defendant, convicted on plea of guilty of uttering and publishing a $25 check, that his conviction must be reversed for failure of the trial court to advise him of the maximum possible sentence *held*, not supported by court rule which has been interpreted as not requiring that a defendant be advised

of what maximum sentence might be imposed when the plea of guilty is before the court for acceptance (CL 1948, § 750-.249; GCR 1963, 785.3[2]).

Appeal from Oakland; Pratt (Philip), J. Submitted Division 2 April 5, 1967, at Lansing. (Docket No. 2,770.) Decided November 29, 1967. Rehearing denied January 17, 1968. Rehearing of denial of rehearing denied February 27, 1968.

Buford Ray Adcock was convicted, upon a plea of guilty, of uttering and publishing a forged check. Motion for new trial denied. Affirmed on denial of application for rehearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Robert W. Leutheuser,* Chief Appellate Counsel, and *Michael C. Hechtman,* Assistant Prosecuting Attorney, for the people.

*Richard L. Murphy,* for defendant.

A. C. MILLER, J. (*dissenting*). Defendant was found guilty, after a plea of guilty, of uttering and publishing a forged $25 check. CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446). He was arraigned before the magistrate on April 9, 1965, and committed for failure to post $1,000 bond; he was arraigned in circuit court on April 21, 1965, without an attorney and said that he "hoped to get" an attorney. The court entered a plea of not guilty* in

---

* The entry of a plea, rather than an adjournment of the arraignment, is questionable procedure in the light of the importance of counsel at all stages. While nearly all rights would be preserved by the action of the court, *time* would be working against defendant and this could be important. GCR 1963, 785.3(1); *People* v. *Parshay* (1967), 379 Mich 7, 16; ABA Minimum Standards of Criminal Justice, Plea of Guilty, February, 1967, citing *Shupe* v. *Sigler* (1964), 230 F Supp 601, and *Anderson* v. *North Carolina* (1963), 221 F Supp 930.

his behalf and set the matter down for trial June 2, 1965. On April 29, 1965, defendant posted bond.

On June 2, 1965, defendant again appeared before the court and was asked in part as follows:

"*The Court.* First, Mr. Adcock, I noticed that at that time I asked you whether or not you had an attorney and you indicated that you did not, but that you hoped to get one. I assume that you have not been able to or at least not attained [obtained?] one for one reason because you were incarcerated?

"*Defendant.* No, I haven't been incarcerated. I had a broken hand, it's why I didn't get a lawyer.

\* \* \*

"*The Court.* You recognize that if you were financially unable to get an attorney that the court would appoint counsel for you?

"*Defendant.* Yes.

"*The Court.* You did not think that it was necessary in this case?

"*Defendant.* Well, I figured if I knew it was necessary but I just couldn't do it. [Appellant's attorney argues this sentence should be read with a pause after the word "if".] \* \* \*

"*The Court.* Do you consider it necessary that you have an attorney in this case?

"*Defendant.* No, sir."

Thereupon the plea of guilty was offered and accepted. Sentence was set for June 30, 1965, but defendant did not then appear. On July 7, 1965, the defendant was sentenced to prison for a term of 5 to 14 years. On that date defendant requested appellate counsel, asserting that he had pleaded guilty without benefit of counsel because of a misunderstanding with the prosecutor, and complaining about the length of the sentence. Counsel was promptly appointed, motion to set aside the plea was heard at length, including the taking of testimony, and the motion was denied.

The first claim presented by appellant is that he did not knowingly and intelligently waive his right to counsel, since such waiver was qualified by the word "necessary". The defendant was out on bond, had been told that he might be "punished in accordance with the law," and that it might mean a "prison term or probation".

While the specific form of arraignment has not been prescribed, *People* v. *Bumpus* (1959), 355 Mich 374, the end results must meet certain standards. *People* v. *Winegar* (1966), 4 Mich App 547. Here the defendant was never offered a court-appointed attorney in words equivalent to "Do you want an attorney?" The colloquy between the court and the defendant indicated a "hope" for an attorney, but a financial inability to procure one. The words urged as a waiver of counsel are qualified by an expression of opinion as to whether counsel was necessary. A qualified waiver stands no better than a qualified plea. *People* v. *Scofield* (1905), 142 Mich 221. See, also, *People* v. *Hobdy* (1966), 5 Mich App 275, and *In re Palmer* (1963), 371 Mich 656. Also the offense is complex and the very terms "utter and publish" are archaic. It cannot be assumed that a layman would necessarily understand their legal significance.

The defendant did not knowingly and intelligently waive his right to counsel. It is unnecessary to discuss the other points raised by appellant's brief. His right to counsel having been abridged, his plea of guilty should be set aside. The judgment should be reversed and new trial granted.

QUINN, P. J. I am unable to read the transcripts of arraignment in this cause as Judge MILLER does. Where he finds a qualified waiver of counsel that is not made knowingly and intelligently,

I find a knowing and intelligent waiver of right to counsel.

The portion of the June 2, 1965, transcript quoted in Judge MILLER's opinion standing alone would support the conclusion he reaches, but I believe it must be read in context with what preceded it. When defendant first appeared for arraignment on April 21, 1965, he was without counsel. The court inquired, "Do you have an attorney, Mr. Adcock?", and when defendant replied that he did not, the court asked, "Do you intend to obtain the services of counsel?" To this question defendant replied, "I hope to get one, sir." After some further discussion not pertinent to decision, the court entered a plea of not guilty and adjourned the matter.

On June 2, 1965, after recalling the prior proceedings and the plea entered by the court, the trial judge asked, "Do I understand that you wish to change that plea?" Defendant replied in the affirmative and then follows that part of the transcript quoted in the majority opinion. In this context, the inquiry as to necessity for counsel was perfectly normal and in no way qualifying. It was made to be sure defendant wanted to proceed without counsel, knowing of his right thereto and that he could have court-appointed counsel. When defendant said an attorney was not necessary and proceeded to plead guilty, he made a knowing and intelligent waiver of his right to counsel.

Defendant's contention that he was misled by the prosecuting attorney into believing his sentence would be less severe if he pleaded guilty was disposed of by the trial court, after full evidentiary hearing, contrary to such contention. Such finding is not clearly erroneous. GCR 1963, 517.1.

The claim of defendant that the provisions of GCR 1963, 785.3(2) were not complied with because

he was not advised of the maximum sentence is not supported by the rule or the interpretation this Court has placed on the rule in *People* v. *Charles A. White* (1967), 8 Mich App 220.

I vote to affirm.

On Application for Rehearing.

Quinn, P. J. On application for rehearing, McGregor, J., concurs with Quinn, P. J. The decision of the trial court is, therefore, affirmed. McGregor, J., concurred with Quinn, P. J.