THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES J. JONES, Defendant-Appellant.

(No. 11520; )

Fourth District—April 18, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was indicted for armed robbery, the indictment charging that he and another took an indeterminate amount of currency from the person and presence of one Charles Mundy. On the morning of trial, over objection by the defendant, the court allowed the prosecution to amend the indictment changing the alleged victim from "Charles Mundy" to "Delbert R. Mundy". The record indicates that Charles Mundy and Delbert R. Mundy are two different persons, Charles being Delbert's adult son. The basis for the defendant's objection was that the amendment deprived him of his constitutional right to indictment by grand jury. The defendant persisted in his objection at all stages in the trial and at a motion for a new trial. A jury trial resulted in a verdict of guilty of the offense charged in the amended indictment and the court sentenced the defendant to a term of not less than 8 nor more than 24 years in prison. This appeal is from that conviction and sentence.

The only issue in this case is whether or not an indictment for armed robbery may be amended in the manner indicated changing the identity

of the victim from one person to another, although both bear the same surname.

Section 111—2, ch. 38, Ill. Rev. Stat. 1969, implements the constitutional right to grand jury indictment by providing that all prosecutions for felonies shall be by indictment unless indictment is waived. At common law and historically in this State, an indictment returned by a grand jury could not be amended except by grand jury action. (*Patrick v. People*, 132 Ill. 529, 24 N.E. 619.)

■■ Section 111—5, ch. 38, Ill. Rev. Stat. 1969, is, as we noted in *People v. Hall*, 55 Ill.App.2d 255, 204 N.E.2d 473, a legislative effort to break away from the strict formalism of the common law and to permit of amendment where formal as distinguished from substantive defects in indictments are involved. This statute provides for amendment because of formal defects and enumerates six instances wherein amendment is permitted. None of the six is applicable to the facts in this case. Subparagraph (a) of the section does permit of amendment to correct any miswriting or misspelling or grammatical error. The committee comments with reference to section 111—5 notes that it was the intent that this section to permit of amendment to cure formal defects as distinguished from substantive ones, such as failure to charge a crime. The legislative enactment was described as one provided for efficient amendment of formal defects. Thus, if the amendment is a matter of formality, it is permissible; if it is a matter of substance, it is not.

Section 1877, *Wharton's Criminal Procedure*, states as follows:

"Under the rule precluding amendments of indictments in matters of substance, an indictment cannot be amended in order to permit a trial upon a crime not charged by the grand jury or to supply the omission of an allegation, proof of which is necessary to a conviction and without which the indictment is fatally defective * * *. It is the general rule, too, that the amendment of an indictment by substituting therein the name of another person as the one injured, when working a change of identity, is an amendment in substance which the courts are not authorized to make."

■■ In this case, the amendment did not merely correct a misspelling or other defect in the name of the victim but it actually changed the victim's identity.

Some of the Illinois cases discussing the amendment process permit of amendment under certain circumstances. Thus, in *Hall*, this court held that it was permissible to amend an indictment to state the correct section of the criminal code allegedly violated. Such was deemed to be a formal defect. In *People v. Nelson*, 17 Ill.2d 509, 162 N.E.2d 390, the

court permitted an amendment to correct a misspelling of a name. The victim before and after amendment was one and the same person and phonetically the name was the same. Likewise, in *People v. Jankowski,* 391 Ill. 298, 63 N.E.2d 362, while not strictly an amendment matter, the court indicated that a variance between "Catherine Valenta" and "Katherine Balenta" was not substantial within the contemplation of a variance between identity of a victim charged in the indictment and proof produced at the trial.

While there is no specific Illinois authority on the exact issue before us, the annotation at 14 A.L.R.3d 388, sec. 7, collects the cases. The scope of permissible amendment turns on the statutory authorization for amendment. However, it appears to us that the distinction between formal or substantive defect is maintained. See *State v. Gould,* 229 Ind. 288, 98 N.E.2d 184, and *Dye v. Sacks,* 173 O.St. 422, 183 N.E.2d 380.

In *State v. Sims,* 154 La. 907, 98 So. 415, the defendant was indicted for shooting at one "H. O. Jeff". A motion was made to amend the indictment by substituting the name of "Charlie Clark" as the victim. Over defendant's objection, the court allowed the amendment. Upon appeal this was reversed. This was under a statute permitting of amendment if such was not material to the matters of the case.

While we recognize the desirability of departing from the rather strict prohibition against amendment of indictments, we must recognize the limitations that now exist in the Illinois statute permitting of amendment to correct formal defects only. When, as here, the indictment is amended to change the name of the victim from one person to another entirely different person, such is more than correcting a formal defect. It is a matter of substance and it is not within the scope of section 111—5 of ch. 38, Ill. Rev. Stat. 1969. The circuit court was in error in permitting the amendment and this case must be and is reversed.

Judgment reversed.

SIMKINS, J., concurs.

Mr. JUSTICE SMITH dissenting:

I cannot concur in the disposition of this case by the majority. The opinion precisely and concisely states the very narrow issue that is considered, that is, may an indictment be amended on motion to substitute one Christian name for another where the surname is the same without returning the case to the Grand Jury for that purpose. The precise issue seems to be new in Illinois although it has been discussed in other jurisdictions. The authorities collected in 14 A.L.R.3d 1388, § 7, discuss cases where the matter has been presented in other states and there is the

usual divergence of authority with the results perhaps depending upon the particular amendatory statute. Had the precise issue been decided in Illinois a wholesome respect for the proper function of an intermediate reviewing court would require us to follow the trail already blazed. The majority opinion suggests that the change here made is not within the ambit of our statute because it is substantive or substantial rather than formal. With this conclusion I cannot agree. The indictment in this case charged the defendant and another with the offense of armed robbery at 406 East Cantrell Street in Decatur, Illinois. The record establishes that the address given was a business establishment known as Mundy's Lane and that Delbert R. Mundy was the proprietor of the establishment and the victim of the robbery. Delbert R. Mundy was included as a witness on the list of witnesses furnished the defendant prior to trial.

The Illinois Constitution, Article II, Section 8 (1870) unequivocally requires that prosecution of felonies be by indictment. The constitutional provision is implemented by Ill. Rev. Stat. 1969, ch. 38, par. 111—2 which is equally unequivocal as to that requirement but provides that indictment may be waived by the accused in open court, if it is done by the accused understandingly and the State expressly concurs. Ill. Rev. Stat. 1969, ch. 38, par. 111—5 provides that indictments which charge the commission of an offense in accordance with par. 111—3 of the same Code shall not be dismissed but "may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including * * *". It then lists six circumstances which do not specifically touch the issue in this case. In *Hall*, 55 Ill.App.2d 255, 204 N.E.2d 473, however, we stated that the clear implication of the use of the word "including" is that it should be read as "including, but not limited to" and permitted amendment of the statutory citation even though it was required by statute. The Committee comments suggested that this section was designed to illustrate the defects that are considered formal and to provide for an amendment by motion rather than a return to the Grand Jury in cases of indictments.

The statute prescribing the form of a valid indictment names five elements which must be stated and so far as applicable here requires "(3) setting forth the nature and elements of the offense charged". (Ill. Rev. Stat. 1969, ch. 38, par. 111—3.) What are the elements of a crime of armed robbery? The statute defining it states: "(a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force * * *". The name of the victim is not required by the statutory definition of either robbery or armed robbery. (Ill. Rev. Stat. 1969, ch.

38, pars. 18—1 and 18—2.) The indictment in question did name *a* victim. The indictment as returned by the Grand Jury thus was complete and stated a crime. The victim named in the indictment was, however, improperly identified as to his Christian name.

In *People v. Walker,* 7 Ill.2d 158, 130 N.E.2d 182, it is stated that an indictment charging an offense either against a person or property must state the name of the person or property injured if known and the allegations so made must be proved as alleged. In that case it was stated, however, "proof of the Christian name is unnecessary where the facts in evidence leaves no doubt as to the identity of the person". In that case, there was no evidence of the ownership of the building burglarized and the case was reversed and remanded for a new trial. It is likewise stated that the purpose served by giving the name of the person or property injured is to provide a basis for a plea of former acquittal and is based upon the protection of the right of the accused against double jeopardy. It also stated there that this is a substantial requirement designed to safeguard a constitutional right and not a mere technical rule and cites cases. The discussion is a discussion of proof not pleadings. Discussing the same philosophy, our Supreme Court stated:

"The object in requiring an indictment to name the injured person is to provide identification, so that the accused may prepare his defense and not be taken by surprise on the trial, and so that he may be protected against a second prosecution for the same offense. (Citing cases.) The facts in evidence here leave no doubt as to the identity of the person robbed, nor is it pointed out how the defendant could have been misled or prejudiced in making his defense. * * * A variance as to names alleged in an indictment and proved by the evidence is not regarded as material unless it is made to appear to the court that some substantial injury was done to the accused thereby. (Citing cases.) The variance claimed in this case in no way prejudiced the defendant." *People v. Nelson,* 17 Ill.2d 509, 512, 162 N.E.2d 390, 392.

*Nelson* is an armed robbery case where the name of the decedent was incorrectly spelled. In *Nelson,* as well as *People v. Jankowski,* 391 Ill. 298, 63 N.E.2d 362, the name was misspelled but referred to the same person.

The majority opinion cites 14 A.L.R. 3d 1388, § 7, and cites the cases which support the opinion. In 221 Miss. 116, 72 So.2d 245, the court permitted the changing of the Christian name of the murder victim from "Zach" to "Lish" even though the former was a living person and the brother of the decedent—two different human beings. In *People v. Cruz,* 285 App.Div. 1076, 139 N.Y.S.2d 722, charging sodomy, assault,

and endangering the health or life of a child, the indictment incorrectly named the child's mother as the injured party, and the trial court denied a motion to amend by substituting the correct name which was different as to both Christian name and surname of the mother and child—two different persons. The Appellate Court reversed and at 14 A.L.R.3d, p. 1389, this case is cited as holding "the name of the injured party should be stated to identify the crime and permit the accused to prepare his defense, and to prevent double jeopardy". The court stated that it was a detail which merely served to describe the offense charged and formed no part of its substance, and allegations as to such details may, in a proper case, be amended to prevent the escape of guilty persons and a miscarriage of justice through inconsequential technicalities. In *Dye v. Sachs* (1962), 173 Ohio St. 422, 20 Ohio Ops.2d 47, 183 N.E.2d 380, 14 A.L.R.2d 1352, a substitution of a different person for the one named originally as a victim—two different persons—in an indictment for armed robbery, both of whom were managers at the place of business of the owner of the stolen property was held authorized under a statute permitting the amendment of an indictment "in respect to any defect, imperfection, or omission in form or substance, or any variance with the evidence, provided no change is made in the name or identity of the crime charged". That court ruled that the amendment merely corrected a misdescription of the victim, and was purely a matter of form, not of substance, and that there was neither a violation of defendant's constitutional rights nor the creation of a new indictment. Irrespective of the name of the victim, the court said, the crime charged was still armed robbery at the same time and place, and the amendment did not change that in any way whatsoever. This same view is expressed in *In re Stewart* (1952), 156 Ohio St. 521, 46 Ohio Ops. 436, 103 N.E.2d 551, *cert.* den. 344 U.S. 845, 97 L.Ed. 657, 73 S.Ct. 61. With the philosophy stated in these cases, I agree. To me they enunciate a sound sensible and practical philosophy and reach a common sense result. I would therefore hold that the amendment here made is within the ambit of our statute authorizing formal amendments.

To hold otherwise is to hold that the indictment is void, that the plea of guilty and the sentence of the codefendant is void and somewhere by somebody he should be discharged for his plea of guilty did not waive errors or irregularities that are jurisdictional. (*People ex rel. Ledford v. Brantley,* 46 Ill.2d 413, 263 N.E.2d 27.) To hold otherwise is to require a return to the Grand Jury because the indictment returned by the Grand Jury is untouchable and uncorrectable by any other means than by that Grand Jury. The courts created that philosophy and the courts can inter it. Had the issue been decided by our Supreme Court, a whole-

some respect for the doctrine of *stare decisis* would compel that we follow it. Without that guideline, however, it seems to me that we are now free to make a determination consonant with the majority view in other states and consonant with common sense. The Legislature has interred this philosophy as to formal defects. It would seem to me that if an indictment returnable by a Grand Jury is untouchable and unamendable, it is untouchable and unamendable by the Legislature as to formal defects. The majority here does not make clear how the Legislature constitutionally expands the precise language of the Constitution. The amendment here conformed the indictment to the actual facts. The record before us shows that an amendment to this indictment can be made without prejudice to any substantial right of the defendant or to the People and without any expense or delay to either. It accomplishes the general purposes specified in our Code of Criminal Procedure, ch. 38, § 111—1. Simplicity in procedure under the circumstances shown in this record where there was no motion for a continuance nor the remotest suggestion that the defendant was prejudiced in his defense of the charge in any way and the elimination of unjustifiable delay compels the conclusion that a return of this case to the Grand Jury for re-indictment is to return to the formalism and technicalities of yesteryear. It clearly torpedoes the commendable purpose of § 111—1 of the Code.

Accordingly, I would affirm on the ground that the amendment of the Christian name is a formal rather than a substantive or substantial change and is more consistent with a fair trial and substantial justice than strict adherence to technical unrealities.