STATE of Oklahoma ex rel. Roy B. POWELL, District Attorney, 22nd Judicial District, Pontotoc County, Oklahoma, Petitioner,

v.

Honorable Molly W. SHI, Special District Judge, 22nd Judicial District, Pontotoc County, Oklahoma, Respondent.

No. P–77–446.

Court of Criminal Appeals of Oklahoma.

June 27, 1977.

Roy B. Powell, Dist. Atty., Douglas E. Brown, Asst. Dist. Atty., for petitioner.

Gordon R. Melson, Cal Hoover and W. B. Ward, Jr., Ada, for respondent.

OPINION

BUSSEY, Presiding Judge:

This is a proceeding instituted by Roy B. Powell, District Attorney, 22nd Judicial District, Pontotoc County, seeking a Writ of Prohibition against the Honorable Molly W. Shi, Special Judge, 22nd Judicial District, Pontotoc County. The Petitioner alleges that unless prohibited from doing so, the Respondent will allow pleas of guilty withdrawn from a number of cases filed in the District Court, Pontotoc County, wherein certain named defendants are charged with Driving While Under the Influence of Intoxicating Liquor in violation of 47 O.S. 1971, § 11–902, and permit some, if not all, of those defendants to enter pleas of guilty

to Driving While Impaired, in violation of 47 O.S.Supp.1975, § 761, over the objections of the District Attorney. Respondent Judge denies that she intends to allow all of the defendants to withdraw pleas of guilty and enter pleas to the lesser included offense, but asserts that by virtue of *State v. McDonald,* 10 Okl.Cr. 413, 137 P. 362 (1914) and *State v. Cordray,* 35 Okl.Cr. 228, 249 P. 965 (1926), trial courts have the power, without the intervention of the jury and over the objection of the District Attorney, to allow defendants to enter pleas of guilty to a lesser included offense than that charged in the Information or Indictment. The Respondent Judge has heretofore acted in good faith, relying on *State v. McDonald,*[1] supra and *State v. Cordray,*[2] supra. Prohibition will not issue unless these decisions are overruled.

We have assumed jurisdiction and carefully analyzed these decisions in the light of decisions rendered by our sister states, all construing the statutes similar to, if not identical with, the pertinent provisions of the statute bearing on this issue. Interestingly enough, none of these decisions support the interpretation placed upon 22 O.S. 1971, § 815[3] which formerly appeared in the identical language in the 1910 Statutes as Chapter 10, Article XXI, § 6099.

In the early case of *State v. Morrison,* 165 Ind. 461, 75 N.E. 968 (1905) dealing with the identical issue, that Court stated:

"Taking up the question as to the propriety of the action of the court in receiving a plea of guilty to manslaughter, we have to say that we deem it clear that the course pursued was not proper. Subject to the limitation that the parties must not offend against the rules of pleading, it is a settled doctrine of the common law, as stated by Sir Frederick Pollock, 'that the court is not to dictate to parties how they shall frame their case.' Expansion of the Common Law, 33. This rule applies to public prosecutions. It is for the state, acting through the instrumentalities provided by law, to determine the nature of the criminal charges that shall be brought forward, and, upon a criminal charge being preferred, it can be properly dismissed only by nolle prosequi. The record entry of the fact that the state does not care to proceed is based on the declaration of the prosecuting officer. *Com. v. Casey,* 12 Allen, 214; *State ex rel. Graves v. Primm,* 61 Mo. 166; Anderson's Law Dict. tit. 'Nolle Prosequi.' But the whole matter of the respective powers of court and prosecuting attorney in regard to the dismissing of criminal prosecutions is set at rest in this state by section 1742, Burns' Ann.St. 1901, which

---

1. In an effort to determine the facts that gave rise to this decision, we have examined the pleadings, court records and briefs filed in the State Archives and the court file establishes the following undisputed facts. The defendant was charged with Murder, waived a preliminary hearing and appeared at arraignment where he entered a plea of not guilty to the charge of Murder, not guilty to Manslaughter in the First Degree and tendered a plea of guilty to Manslaughter in the Second Degree. The trial court, after having reviewed the testimony of witnesses taken at a coroner's inquest conducted prior to the institution of Murder charges, accepted the defendant's plea of guilty to Manslaughter in the Second Degree and sentenced the defendant to pay a fine of One Hundred Dollars and costs, over the objection of the County Attorney. On Appeal, the Criminal Court of Appeals held, in the second paragraph of the Syllabus, in pertinent part, as follows:
   "(a) The trial court has the power and lawful right, without the consent of the county attorney, where a defendant is charged with

murder, to order the dismissal of said charge, and permit the defendant to plead guilty to manslaughter in either degree, and assess his punishment therefor without the intervention of a jury. . . ."

2. In *Cordray,* where the defendant was tried on a charge of Rape in the First Degree before a jury, at the conclusion of the evidence the trial court accepted the defendant's plea of guilty to the included offense of Rape in the Second Degree, over the objection of the prosecutor. On appeal, where the State had failed to file briefs, the Criminal Court of Appeals reaffirmed the holding in *State v. McDonald,* supra.

3. "The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

provides as follows: 'No indictment shall be nonprossed or information dismissed except by order of the court on motion of the prosecuting attorney; and such motion must be in writing, and the reasons therefor must be stated in such motion and read in open court before such order is made.' As before pointed out, the effect of the action of the court in receiving a plea of guilty to the charge of manslaughter, and proceeding to judgment on the plea, operated to acquit appellee of the substantive offense charged in the indictment, as well as of murder in the second degree; and as this result was brought about by an act of sheer power on the part of the court, which involved a setting aside without trial of the charges of murder embraced in the indictment, it is evident that the spirit, if not the letter, of section 1742, supra, was violated. We hold that the exception of the state was well taken."

For interesting discussions see: *People v. Scofield et al.,* 142 Mich. 221, 105 N.W. 610 (1905); *State v. Labry,* 120 La. 434, 45 So. 382 (1908); *People v. Zobel,* 54 Colo. 284, 130 P. 837 (1913); *State v. Peel,* 99 Ariz. 174, 407 P.2d 756 (1965); *State v. Sonneland,* 80 Wash.2d 343, 494 P.2d 469 (1972); *State v. Pringle,* 83 Wash.2d 188, 517 P.2d 192 (1973); *Hughes v. James,* 86 Okl.Cr. 231, 190 P.2d 824 (1948); *State v. Robinson,* Okl.Cr., 544 P.2d 545 (1975), and *Allen v. Walter,* 534 S.W.2d 453 (Ky.1976).

In accordance with the authorities above set forth, the decisions rendered in *State v. McDonald,* supra and *State v. Cordray,* supra, are expressly overruled insofar as they are inconsistent with this Opinion.

The Order heretofore entered on the 20th day of June, 1977, staying the proceedings is VACATED and the Honorable Molly Shi is prohibited from accepting pleas of guilty to any lesser included offenses in Pontotoc County Case Nos. CRM–77–379, CRM–77–56, CRM–77–284, CRM–77–170, CRM–77–287, CRM–77–211, CRM–77–185, CRM–77–123, CRM–77–271, CRM–77–167, CRM–77–151, CRM–77–142, CRM–77–277, CRM–77–166, CRM–77–276, CRM–77–382, CRM–77–

404, CRM–77–214 and CRM–77–204, without the consent of the District Attorney. The trial court may, in all other respects, exercise jurisdiction in the manner prescribed by law.

BRETT, J., concurs.