The STATE of Oklahoma, Appellant,

v.

Wayne Lee COX, Appellee.

No. O-77-559.

Court of Criminal Appeals of State of Oklahoma.

Jan. 31, 1978.

As Corrected Feb. 2, 1978.

Rehearing Denied March 8, 1978.

---

11. Anno.—Privilege Against Self-Incrimination, 95 L.Ed. 1126, 1130 with citations.

12. See n. 12, supra, 1133, 1134 with citations.

Preston Trimble, Dist. Atty., Karen E. Huff, Asst. Dist. Atty., Patti Palmer McGee, Legal Intern, for appellant.

Wendell E. Snell, Norman, for appellee.

## OPINION

PER CURIAM:

The appellee, Wayne Lee Cox, hereinafter referred to as defendant, was charged by information in Cleveland County on June 8, 1976, for the crime of Burglary in the Second Degree, After Former Conviction of a Felony. The defendant was tried without a jury before the Honorable Judge Elvin Brown. The Judge found the defendant guilty based on the evidence. Judge Brown ordered a presentence investigation report which was to include a mental examination.

The Department of Corrections lacked the facilities for conducting mental examinations as part of their presentence investigation, so they requested the aid of the Oklahoma Department of Mental Health. However, the Department of Mental Health refused to render such aid, and advised the Department of Corrections that they were without authority to conduct such an examination.

The defendant did have a psychological examination conducted by Dr. Mildred Jacobs. Even though those examination reports were not included in the presentence

investigation, they were nevertheless made available to the court and, in fact, reviewed by Judge Brown before the sentencing hearing. The sentencing hearing was held on February 15, 1977. By this time, the trial judge had learned of the inability on the part of the Department of Corrections to provide a mental examination as part of the presentence investigation as the court had requested. Because of this failure the Judge stated that upon "a motion of either party this case will be dismissed." At the close of the Judge's remark in which he attempted to justify this action, the counsel for the defendant rose to state:

"BY MR. SNELL: Your Honor, I rise in great joy to move the Court to dismiss the case."

As recorded in the transcript, Judge Brown thereupon issued the following order:

" . . . Upon showing of the State's inability to provide the Defendant his statutorily guaranteed right of mental examination, as a part of his pre-sentence investigation report, on motion of the Defendant in open Court, his finding of guilty is ordered vacated, the charge dismissed, the Defendant discharged and his bond exonerated on his payment of the costs herein."

From this ruling, the State of Oklahoma has perfected an appeal, although styled an appeal on a Reserved Question of Law, it is in fact, an appeal from an order in Arrest of Judgment, 22 O.S.1971, § 1053(2).

■ This Court recognizes that under 22 O.S.1971, § 982, a mental examination of the convicted person shall be included at the request of the court or may be included at the option of the Department of Corrections. The statute states that upon failure of the Department to present its report within a reasonable time, " . . . the Judge may proceed with the sentencing." It is submitted by the appellee's counsel that this language allowing the trial court to proceed with the sentencing refers to a discretionary action of the court. It is further argued that since the trial court's option to "proceed with the sentencing" is within its discretion, then the court is also within its discretion not only to refuse to proceed with the sentencing but also to dismiss the case.

However, it is clear to this Court that 22 O.S.1971, § 982, does not give the Judge the authority to dismiss a case. But, rather, the statute explicitly gives the Judge the authority to either delay or to proceed with the sentencing. Since the statute here is unambiguous and the meaning is evident, then it must be held to mean what it plainly expresses and no room is left for further interpretation of the statute. *State v. Dabney*, 77 Okl.Cr. 331, 141 P.2d 303 (1943).

■ The brief submitted by appellee's counsel also suggests that the Judge's action to vacate the finding of guilt is authorized by 22 O.S.1971, § 815, which states:

"The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

This statute in the past has been uniformly applied to dismiss the case before trial of the defendant. For example see, *State v. Robinson*, Okl.Cr., 544 P.2d 545 (1975), *Claghorn v. State*, Okl.Cr., 505 P.2d 998 (1973), *State v. McDonald*, 10 Okl.Cr. 413, 137 P. 362 (1914). Additionally, we take note that the Statute refers only to "action or indictment" that may be dismissed, and it does not enunciate that the court may dismiss a judgment on a conviction. In view of the manner in which the statute has been applied in the past, and after considering its specific language, we conclude that 22 O.S. 1971, § 815 is to be applied by the court to dismiss an action or indictment before trial has begun on the merits. Therefore, it is clear that the Honorable Judge Brown's action to dismiss this conviction cannot be sustained under the authority of 22 O.S. 1971, § 815.

■ A Judge's authority to arrest a judgment is found in 22 O.S.1971, §§ 954 and 955. Section 954 states:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on plea or verdict of guilty, or on a verdict against the defendant on a plea of former conviction or acquittal. It may be founded on any of the defects in the indictment or information mentioned as grounds of demurrer unless such objection has been waived by a failure to demur, and must be before or at the time the defendant is called for judgment."

The authority of a Judge to make his own motion in arrest of judgment is set out in 22 O.S.1971, § 955, which states:

"The court may also on its own view of any of these defects, arrest the judgment without motion. The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the indictment or information was filed, and in no case of arrest of judgment is the verdict a bar to another prosecution."

Thus the Judge's right to arrest the judgment as provided in 22 O.S.1971, § 955 must be interpreted in conjunction with 22 O.S. 1971, § 954. Reading these two statutes together it is clear that the court may arrest a judgment only upon the grounds specifically enumerated in 22 O.S.1971, § 954 to-wit:

"Any of the defects in the indictment or information mentioned as grounds of demurrer."

The failure on the part of the Department of Corrections to produce a mental examination in the presentence investigation is not one of enumerated statutory grounds upon which a Judge may arrest a judgment as set out in 22 O.S.1971, §§ 954 and 955.

The Judge's ruling vacating the finding of guilt in the present case is clear error for the reason that the order is not based on any ground sanctioned by law. The order of the trial court vacating the finding of guilt and dismissing CRF–76–334 is Reversed and Remanded with Instructions to vacate the proceedings, reinstate the finding of guilt, and proceed in a manner provided by law.